LOTTIE DOVERMAN ET AL. *v.* CEL-MOR INVESTMENTS

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 111035
AT NEW HAVEN

Memorandum filed August 8, 1966

*Jacobs, Jacobs, Jacobs & Jacobs,* of New Haven, for the plaintiffs.

*Sachs, Sachs, Giaimo & Sachs,* of New Haven, for the defendant.

WRIGHT, J. In the present suit the plaintiffs have brought an action for injunctive relief, claiming that the defendant is proceeding to build multifamily dwellings in the city of Hamden under improperly issued building permits. Essentially, the complaint alleges that the building inspector and zoning enforcement officer of the city of Hamden had issued certain permits to the defendant in violation of the local zoning regulations and ordinances.

In its motion to erase, the defendant claims that the plaintiffs are endeavoring to circumvent the appeal provisions contained in §§ 8-7, 8-8 and 8-9 of the General Statutes. The plaintiff cites the case of *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88,

where an attack was allowed by way of declaratory judgment and injunction because of certain permits issued by a zoning board of appeals. However, in the later case of *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 31, the court makes this observation: "The court, in its memorandum of decision, stated in effect that the fifth count called for the court to exercise its equity powers by enjoining the enforcement of the defendant's order and cited as authority *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 93 . . . . That case is inapposite. There, a lack of due notice had vitiated the legality of the requisite public hearing, and consequently the zoning authority lacked the jurisdiction to take the action which the plaintiff was challenging. Here, the plaintiffs make no such claim of jurisdictional invalidity. They are, in effect, seeking a review of the defendant's action."

Section 8-7 of the General Statutes provides for an appeal to the local zoning board of appeals in cases where persons have been aggrieved by actions of local officials; and § 8-8 provides for subsequent appeals to the Court of Common Pleas. In the present case, where the court has been asked to grant equitable relief by way of an injunction, the court finds that the legal remedy afforded by the statutes has not been exhausted. Section 8-7 designates the local zoning board of appeals as the watchdog for the community in zoning matters. In the absence of allegations concerning fraudulent connivance or collusion on the part of the local zoning board of appeals, the attempt in the present action to circumvent the appeal procedure would lead to a multiplicity of actions outside the framework of the orderly appeal procedure.

The motion to erase is granted.