[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION FOR TEMPORARY INJUNCTION
In the above matter the plaintiff, an owner of commercial property on West Main Street in Norwich, seeks a permanent injunction directing the defendant municipality to remove certain metal posts located on a public sidewalk adjacent to his front property line. The defendant allegedly caused these posts to be erected so as to prevent customers of the plaintiff from parking on the adjacent sidewalk, or so near that the car doors open onto the sidewalk area interfering with pedestrian travel.
After the posts were erected the City caused chains to be installed between the posts to prevent the car doors from opening onto the sidewalk area.
In his request for a temporary injunction, the plaintiff seeks to have the aforesaid chains removed so as to permit his customers to park closer to the sidewalk.
The Court held a hearing on July 13, 1990. In the course of the hearing evidence was presented that the plaintiff acquired the property on December 12, 1988, although he had operated a package store on the premises for many years prior thereto, which he continues to operate.
In February, 1988, the Norwich Chief of Police notified the Public Works Director of parking problems at the premises now owned by the plaintiff and asked him to address the matter.
On July 28, 1988, the Norwich Zoning Enforcement Officer sent a letter to the landlord of the plaintiff reciting the complaints received as to parking on the sidewalk adjacent to the subject premises. He ordered the landlord "to install a suitable barrier along this sidewalk to prevent encroachment or obstruction." It further stated that failure to comply with the order "will result in further action by the City of Norwich."
The plaintiff testified that in July, 1988 he was acting as the agent for the landlord and was aware of its contents shortly after its issuance. He further testified that the landlord would send him letters regarding the property from time to time, and that he discussed the letter with the landlord prior to purchase in December, 1988.
The order of the Zoning Enforcement Officer was not CT Page 1429 appealed to the Zoning Board of Appeals by neither the landlord, nor the plaintiff, as his agent. The sole attempt to comply with the order was the painting of a yellow stripe adjacent to the sidewalk.
Chapter 19, Zoning Board of Appeals, subsection 19.1.2, authorizes such "board to hear and decide appeals where it is alleged that there is an error in any order or decision made by the zoning enforcement officer."
In Greenwich v. Kristoff, 180 Conn. 575, the owner of a rooming house was served with a cease and desist order. He neither complied nor appealed, but waited until the town instituted injunctive proceedings. The trial court refused to consider a special defense appeal by the defendant, "since that issue was one properly for administrative determination in the first instance." Pp. 578-579.
As in Greenwich, supra, the order of the Zoning Enforcement Officer was a determination that the premises were being used in a manner that was a danger to public safety.
Since the issue was not raised by an appeal to the Zoning Board of Appeals, and then by appeal under the statute, this Court has no jurisdiction to grant the relief requested. See Greenwich v. Kristoff, 2 Conn. App. 515, 519 and cases cited. In such appeal the issues of public safety and whether the response by the plaintiff was appropriate could have been properly addressed. See Astarita v. Liquor Control Commission,165 Conn. 185, 190. Lack of jurisdiction may be raised sua sponte by the court. Cannata v. Department of Environmental Protection, 215 Conn. 616, 620. Since the Court lacks jurisdiction, the application for a temporary injunction is denied.
Although the issue was not raised by either party, the Court must address the matter as to whether this Court can exercise equitable jurisdiction over this matter, or indeed, whether it has jurisdiction at all.
It is axiomatic that the court's equitable powers may not be invoked if there exists an adequate legal remedy.
But where there exists not only a legal remedy but an exclusive legal remedy, this Court lacks jurisdiction to entertain the matter. Carpenter v. Planning Zoning Commission, 176 Conn. 581, 598.
In the instant matter the following facts were clearly established: that the plaintiff was the major tenant CT Page 1430 on the premises since 1982 up to his acquisition thereof; that the plaintiff acted as the agent for the landlord during the period up to the date of sale and discussed matters affecting the premises with the landlord; that the plaintiff's business involved a heavy volume of drive in traffic; that the alleged danger to the public safety was caused in principal part by the plaintiff's customers; that the landlord sent a copy of the zoning order to the plaintiff and discussed it with him; that in response thereto the plaintiff caused a yellow stripe to be painted on the parking pavement near the sidewalk; and that no appeal was taken from the zoning order.
Zoning in Norwich is authorized by its charter (Special Acts 1951, No. 573, as amended). Chapter XV, section 10 of the Charter, "Appeals to the zoning board of appeals," provides in part that "(a)ny person or persons jointly or severally aggrieved by any order, requirement or decision of any administrative official in the enforcement. . .of any ordinance adopted pursuant to the provisions of this chapter may appeal to the zoning board of appeals by filing a notice of appeal specifying the grounds thereof within fifteen days of the making of an order, requirement or decision complained of. . . ."
There appears to be no reason why the plaintiff could not have appealed the zoning order to the Zoning Board of Appeals, and if unsuccessful, pursued his appeal to the Superior Court pursuant to Chapter XV, section 12 of the Charter which provides for such an appeal "as provided for appeals from zoning boards of appeals by the general statutes."
Such an appeal is the sole exclusive of obtaining judicial review of the board's actions. Country Lands Inc. v. Swinnerton, 151 Conn. 27, 31; Doverman v. Cel-Mor Investments,26 Conn. Sup. 334, 335.
The plaintiff has brought this action to test the very issue — whether his use of his property created a danger to public safety — that the appeal procedures (first, to the board of appeals, and second, to this Court) were designed to test. Carpenter, supra, 176 Conn. at 598.
The foregoing facts require the Court to raise the issue of jurisdiction suo moto. See Woodmont Association v. Milford, 85 Conn. 517, 524; and to address it immediately, Baldwin Piano and Organ Company, 186 Conn. 295, 297.
The order of July 28, 1989 not having been appealed, such order became final, and the plaintiff has no standing in CT Page 1431 this Court to challenge any action taken by the city officials to remedy the conditions established as a fact by the order. The Court lacks subject matter jurisdiction.
The case is dismissed. See Chzrislonk v. The New York, New Haven and Hartford Railroad Company, 101 Conn. 356,358.
BURNS, J.