TOWN OF GREENWICH ET AL. *v.* LAWRENCE E. KRISTOFF

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

---

Argued March 12—decision released May 13, 1980

*David R. Connell,* for the appellants (plaintiffs).

*Robert R. Sheldon,* with whom, on the brief, was *T. Paul Tremont,* for the appellee (defendant).

BOGDANSKI, J. In November of 1974, the plaintiffs, the town of Greenwich and Maurice F. Roddy, the town's zoning enforcement officer, brought an action seeking to enjoin the defendant from using his premises as a rooming house on the ground that such use violated the Greenwich zoning regulations. By way of a special defense, the defendant alleged that his use of the premises in question constituted a valid, nonconforming use under the Greenwich building zone regulations. After a trial, the court refused to issue an injunction "in order that the defendant may be permitted to apply for a change of use." From that judgment, the plaintiffs have appealed.

The following facts are not in dispute: In 1966, the defendant purchased a three-story building located at 225 Mill Street, Greenwich. At the time, the second and third stories each had two apart-

ments, two furnished rooms and a bathroom. Sometime after 1966, the second and third floors were altered so that each floor now contains nine furnished rooms, three common bathrooms and a common kitchen. The eighteen rooms are separately leased to eighteen individuals. The defendant did not obtain the necessary certificate of occupancy from the zoning enforcement officer for this change of use.

From 1966 to September 15, 1976, the premises in question were located in a B-C zone. From September 15, 1976, to the present time, the premises have been located in the LBR zone. Under both zones, rooming house use is not permitted.

On September 6, 1974, the plaintiff zoning enforcement officer issued an order to the defendant to cease and desist the use of the premises as a rooming house. The defendant did not comply with the order, nor did he appeal the order to the zoning board of appeals. The plaintiffs thereafter brought this action for an injunction.[1]

In refusing to issue the injunction the court stated that it had not resolved the issue of whether the plaintiffs had established a violation of the use regulation. Nor did it resolve the issue of whether the defendant had a valid nonconforming use. The court did indicate that it had not resolved those issues because they would be moot if the defendant were to apply for and obtain the requisite certificate of occupancy for a rooming house use.

[1] Section 8-12 of the General Statutes provides: "If . . . any building . . . has been used, in violation of any provision of [chapter 124] . . . or of any . . . rule or regulation made . . ., any official having jurisdiction, in addition to other remedies, may institute an action . . . to . . . restrain, correct or abate such violation or to prevent the occupancy of such building . . . ."

The court did, however, find that on September 5, 1974, the plaintiff zoning enforcement officer ordered the defendant to cease and desist the present use as a rooming house since it was in violation of the zoning regulations and to convert the premises to a multiple family use. The cease and desist order was, in effect, a determination that the defendant did not have a valid nonconforming use. *Bianco v. Darien,* 157 Conn. 548, 558, 254 A.2d 898 (1969).

Clearly the defendant had a statutory right to appeal the cease and desist order to the zoning board of appeals.[2] The zoning board would in that proceeding determine whether the defendant, in fact, had a nonconforming use. The statutory procedure reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment. *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 33–34, 193 A.2d 483 (1963). Instead of following this administrative process to establish the legality of his use after the receipt of the order to cease and desist, the defendant elected to await the institution of an action by the town to enforce the order.

On the record of this case, we conclude that the trial court properly refused to resolve the issue of the defendant's special defense alleging a nonconforming use, since that issue was one properly

[2] Section 8-6 (1) of the General Statutes provides that the zoning board of appeals shall have the power to hear and decide appeals from any order of the official charged with the enforcement of zoning regulations.

for administrative determination in the first instance. The trial court, however, erred in refusing to resolve the issues raised by the plaintiffs in their attempt to obtain injunctive relief. See *Waterford* v. *Grabner,* 155 Conn. 431, 232 A.2d 481 (1967).

There is error, the judgment is set aside and the case remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.