TOWN OF GREENWICH ET AL. *v.*
LAWRENCE E. KRISTOFF
(2383)

DANNEHY, C.P.J., HULL and SPALLONE, JS.

516

Argued June 5—decision released September 11, 1984

*Rocco R. P. Perna,* for the appellant (defendant).

*Eugene F. McLaughlin, Jr.,* for the appellees (plaintiffs).

HULL, J. In November, 1974, the plaintiffs, the town of Greenwich and Maurice F. Roddy, the town's zoning enforcement officer, brought an action seeking to enjoin the defendant, Lawrence E. Kristoff, from using his premises as a rooming house on the ground that such use violated the zoning regulations of the town of Greenwich. The defendant alleged as a special defense that his use of the premises constituted a valid, nonconforming use. After a trial, the court refused to resolve the issue of whether an injunction should be issued, in order to permit the defendant to apply for a change of use. The court also refused to consider whether the defendant had a valid nonconforming use. The plaintiffs appealed from that judgment and the Supreme Court, in *Greenwich* v. *Kristoff,* 180 Conn. 575, 430 A.2d 1294 (1980), remanded the case for the

narrowly focused purpose of determining whether the plaintiffs were entitled to the injunctive relief sought. On remand, the court found that the plaintiffs were entitled to injunctive relief and ordered the defendant to cease and desist from any further unlawful use of the premises in violation of the town zoning regulations. The defendant appeals[1] from that judgment. We find no error.

In 1966, the defendant purchased a three-story building at 225 Mill Street in Greenwich. At that time, the second and third stories each consisted of two apartments, two furnished rooms and a bathroom. Subsequently, the defendant altered these two floors so that, as a result, there were nine furnished rooms, three common bathrooms and a common kitchen on each floor. The eighteen rooms were separately leased. The defendant never obtained the necessary certificate of occupancy from the zoning enforcement officer for such a change of use. Furthermore, from 1966 until September 15, 1976, the premises in question were located in what was known as a B-C zone. Since September 15, 1976, the zone in which the premises are located has been designated as an LBR zone. Under either zone classification, use of the premises for rooming house purposes is in violation of the town zoning regulations.

On September 6, 1974, the zoning enforcement officer for the town of Greenwich issued an order to the defendant to cease and desist the unlawful use of the premises as a rooming house. The defendant did not comply with this order, nor did he appeal the order to the zoning board of appeals. The plaintiffs thereafter sought injunctive relief in Superior Court.

After the trial, the plaintiffs appealed to the Supreme Court which held that while the court properly refused

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

to determine whether the defendant had a valid non-conforming use because such a determination must be addressed in the first instance by the proper administrative authority, the court "erred in refusing to resolve the issues raised by the plaintiffs in their attempt to obtain injunctive relief." *Greenwich* v. *Kristoff,* supra, 578–79. The Supreme Court, therefore, set aside the judgment and remanded the case for further proceedings in accordance with the opinion of that court, to determine whether the plaintiffs were entitled to injunctive relief. Id., 579.

On remand, the court not only considered both the findings of the original court and the conclusions and directive of the Supreme Court, but also heard additional evidence and made additional findings of fact relating to the type of use made of the premises at the time of the hearing upon remand.[2] The court found that both the second and third floors of the premises in question each had nine furnished rooms, three bathrooms and one kitchen; that each room was supplied with both maid and linen service; that the kitchen areas were, in addition to normal kitchen use, utilized by the tenants as social or "common" rooms; that none of the tenants was a member of the defendant's family; that all tenants paid rent to the defendant; that the defendant and his family did not reside on the premises; that there had been no substantial change in the use of the premises since the original hearing; and that the defendant had not, to that date, complied with the cease and desist order or secured a certificate of occupancy from the proper authorities.

The court found that the town was entitled to injunctive relief and, therefore, in rendering judgment for the plaintiff on June 23, 1982, the court ordered and enjoined the defendant to cease and desist from the

---

[2] As one claim on appeal, the defendant claims that the court erred by limiting itself to the findings of the original court. This claim is without merit.

unlawful use of the premises and to comply with the September 6, 1974 order issued by the plaintiffs or, in the alternative, to bring the premises into conformity with existing zoning regulations on or before September 30, 1982.

From that judgment, the defendant appeals claiming that the court erred (1) in concluding that the premises were being unlawfully used as a rooming house, (2) in granting the injunction because the plaintiffs failed to establish irreparable harm and a lack of an adequate remedy at law, and (3) in refusing to find that the town was estopped from enforcing the zoning regulations applicable to the defendant's premises.

I

The issue of whether there was a valid nonconforming use was one which should have been raised by way of an appeal to the zoning board of appeals. *Greenwich* v. *Kristoff,* 180 Conn. 575, 578, 430 A.2d 1294 (1980). Such an avenue for relief was available to the defendant, yet he chose not to pursue it. Where such relief is available, it is axiomatic in the area of zoning law that a party must exhaust that remedy before appealing to a court of law. *Conto* v. *Zoning Commission,* 186 Conn. 106, 114, 439 A.2d 441 (1982); *Astarita* v. *Liquor Control Commission,* 165 Conn. 185, 190, 332 A.2d 106 (1973); *Holt-Lock, Inc.* v. *Zoning & Planning Commission,* 161 Conn. 182, 186, 286 A.2d 299 (1971); *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 33, 193 A.2d 483 (1963); see General Statutes § 8-6. There are exceptions, most notably where the available administrative relief is inadequate or would prove futile or where local procedures cannot effectively, conveniently or directly determine whether the plaintiff is entitled to the relief claimed. *Conto* v. *Zoning Commission,* supra, 115. These exceptions are not applicable in this case, nor have they been claimed by the defendant.

Upon remand, the judgment of the trial court was based upon a conclusion that the use was not a lawful use and that the court was foreclosed from determining whether the use was a valid nonconforming use because the defendant had not appealed to the town zoning board of appeals. The court, therefore, properly limited itself to determining whether the use was unlawful at the time of the hearing upon remand.

The defendant claims that the premises did not constitute a dwelling and did not, therefore, come within the purview of the pertinent town regulation which defines a rooming house. The defendant claims that the regulation only applies where the proprietor lives on the premises and, furthermore, he asserts that the premises constituted a hotel, not a rooming house.

The pertinent section of the town zoning regulations provides: "Rooming House shall mean a dwelling in which rooms for living purposes are rented for compensation to five or more persons other than the members of the family of the proprietor." Building and Zoning Regulations for the Town of Greenwich § 6-5 (c) (43). There is nothing that even remotely suggests that the building must be occupied by the proprietor in order to constitute a rooming house. The premises in question clearly fits within the definition of a dwelling which is a "building or construction used for residence." *Scribner* v. *O'Brien, Inc.,* 169 Conn. 389, 398, 363 A.2d 160 (1975). Furthermore, the court found that the premises were used as and came within the definition of a rooming house and not a hotel. We agree.

The trial court found that the use of the premises as a rooming house was not permitted in either the former B-C zone or in the present LBR zone. The court found that the premises were being used as a rooming house and that, during the time of such use, they were located within one of these zones. The court therefore con-

cluded that the use violated the zoning regulations. This conclusion must stand unless it is legally and logically inconsistent with the facts found. *State* v. *Lasher,* 190 Conn. 259, 267, 460 A.2d 970 (1983); *Jones* v. *Litchfield,* 1 Conn. App. 40, 42, 467 A.2d 936 (1983). The facts in this case clearly support the court's conclusion.

## II

The defendant asserts that it was error to grant the injunctive relief issued pursuant to General Statutes § 8-12 since the plaintiffs failed to show that they had suffered or would suffer irreparable harm or that they had no adequate remedy at law. This issue was directly addressed by this court in *Johnson* v. *Murzyn,* 1 Conn. App. 176, 469 A.2d 1227 (1984), a decision in which this court adopted the following rule: "[W]here a statute authorizes a municipality or public entity to seek an injunction in order to enforce compliance with a local zoning ordinance, but says nothing about the injury caused, the municipality is not required to show irreparable harm or unavailability of an adequate remedy at law before obtaining an injunction; rather, all that must be shown is a violation of the ordinance." *Johnson* v. *Murzyn,* supra, 180; *Crabtree* v. *Van Hise,* 39 Conn. Sup. 334, 337–38, 464 A.2d 865 (1983). The Supreme Court recently cited this rule with approval. *Conservation Commission* v. *Price,* 193 Conn. 414, 429, 479 A.2d 187 (1984). The court in this case, therefore, did not err in failing to make an initial determination that the town would suffer irreparable harm and that it had no adequate remedy at law.

## III

The defendant further claims that the town was estopped from enforcing the zoning regulations applicable to the premises in question due to the acts and representations of its officers and agents. The defendant claims that the town building inspector and assist-

ant building inspector both represented to him that his use of the premises after he had altered it to eighteen rooms was proper and legal.

A municipality cannot be estopped by the unauthorized acts of its officers or agents. *Zoning Commission* v. *Lescynski,* 188 Conn. 724, 733, 453 A.2d 1144 (1982); *Dupuis* v. *Submarine Base Credit Union, Inc.,* 170 Conn. 344, 352, 365 A.2d 1093 (1976); *Carini* v. *Zoning Board of Appeals,* 164 Conn. 169, 174, 318 A.2d 390 (1972), cert. denied, 414 U.S. 831, 94 S. Ct 64, 38 L. Ed. 2d 66 (1973); *Hebb* v. *Zoning Board of Appeals,* 150 Conn. 539, 542, 192 A.2d 206 (1963). An exception to the steadfast rule which states that estoppel may not be invoked against a public agency in the exercise of its governmental functions may arise where the party claiming estoppel would be subjected to a substantial loss if the municipality were permitted to negate the acts of its agents. *Zoning Commission* v. *Lescynski,* supra, 731. Estoppel against a municipality in such an instance, however, may be invoked only in limited instances and with great caution. Id., 732. It may be invoked only when the resulting violation has been unjustifiably induced by an agent having authority in such matters and when special circumstances make it highly inequitable or oppressive to enforce the regulations. Id.

In addition, to assert a claim of estoppel against a municipality in a zoning matter such as in the present case, the person claiming the estoppel has the burden of proving that he exercised due diligence in ascertaining the legality of the proposed or new use of the premises and that he not only lacked knowledge of the true state of things but had no convenient means of acquiring that knowledge. *Zoning Commission* v. *Lescynski,* supra, 732–33; *Dupuis* v. *Submarine Base Credit Union, Inc.,* supra, 353. The defendant in this case is an attorney who therefore knew or should have known

of the existence of the zoning regulations. It cannot be said, under the present circumstances, that he lacked both knowledge of the true state of things and a convenient way to ascertain it.

The trial court found that estoppel could not be invoked in this case. The court did not find that the zoning enforcement officials had made any misrepresentations or that they had encouraged or approved explicitly or implicitly the use. In fact, the court held that *even if* the court were satisfied that such representations had been made by the officials, the town could not be estopped by the unauthorized acts of its officers or agents from seeking injunctive relief. Beyond the fact that the trial court did not find sufficient evidence that the town officials had made representations which encouraged or implicitly approved the use, we find from our examination of the entire record that even if those acts had occurred and the agents were authorized to make such representations or to render such approval, under the particular circumstances of this case, estoppel could not be asserted against the town because the record does not indicate that the enforcement of the zoning regulations would be highly inequitable or oppressive or that the violation of the ordinance had been unjustifiably induced by town officials. The court did not err in refusing to allow the defense of estoppel in this matter.

There is no error.

In this opinion the other judges concurred.