[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the zoning enforcement officer of the Town of Fairfield, has applied pursuant to 8-12 C.G.S. for an order requiring the defendant, Peter Fetzer doing business as Fetzer Tire Company, to cease performing repair work on automobiles outdoors at the defendant's premises on the Post Road in Fairfield.
The order of the zoning enforcement officer was upheld upon CT Page 4403 an appeal by the defendant to the Zoning Board of Appeals of the Town of Fairfield. The defendant has filed an administrative appeal challenging the denial of his appeal.
No order has issued staying enforcement of the order of the zoning enforcement officer.
The application to show cause filed by the plaintiff seeks imposition of penalties pursuant to 8-12 C.G.S., however, at the hearing on application, the only relief urged upon the court was a temporary injunction against the defendant's use of the property at issue for the activities identified in the plaintiff's order, that is, the removal and installation of tires on automobiles outside the plaintiff's three-bay garage building at 3651 Post Road.
The Appellate Court has ruled that where a statute such as8-12 C.G.S. authorizes a public entity to seek an injunction in order to enforce compliance with a local zoning ordinance but says nothing about the injury caused, the public entity is not required to show irreparable harm or the unavailability of an adequate remedy at law but must simply show a violation of the ordinance. Greenwich v. Kristoff, 2 Conn. App. 515, 521
(1984); Johnson v. Murzyn, 1 Conn. App. 176, cert. denied,192 Conn. 802 (1984).
The defendant has stipulated that the property at issue is situated in a "Designed Industrial District" and that 27.9.3, as amended by 27.4.8.3 of the Fairfield zoning regulations provides that, as to such a district, "no repair work, except of an emergency nature, is to be performed out of doors." The defendant has further stipulated that on or about May 23, 1990, the assistant zoning enforcement officer of the Town of Fairfield hand-delivered to him an Order to Comply.
It was undisputed at the hearing that the defendant causes tires to be removed and installed on automobiles out of doors in a process that make use of noisy power wrenches and that this activity is not confined to emergency situations.
The defendant claims that he is entitled to remove and install tires out of doors because of a variance granted to him on September 10, 1973. In his application for that variance, the defendant sought permission to make non-conforming use of the property as a "tire store, repair shop, and gas station." The variance was granted subject to several conditions, pertinently,: "1, All repairs indoors except those of an emergency nature."
The plaintiff testified that the word "repair" is not CT Page 4404 defined in the Fairfield zoning regulations but that in his judgment that removal of worn out tires and installation of new ones by use of power tools constitutes a "repair" and that the variance granted to the defendant required him to confine such work to the interior of his premises.
While the defendant takes the position that current regulations of the State Department of Motor Vehicles do not define the installation of new tires as a "repair" in the context of licensure of automotive repairers, the record is entirely silent as to whether the zoning board ever adopted any such technical definition, or indeed, what the definition may have been when the variance was granted in 1973.
The plaintiff, who is charged with enforcement of the zoning regulations, testified that his interpretation of the variance was that the defendant's operations on motor vehicles were to be limited to indoor work. The text of the board's ruling on the variance does not support the existence of a distinction between installation of new tires to replace old ones by use of power tools and repairs of any other nature, but merely specifies that repairs may not be completed outdoors. The same purposes are served by application of this condition to all functions involving use of power tools and assembly of parts and equipment outdoors. Though the defendant argues that he has installed tires outdoors since 1973, he concedes that the plaintiff is not estopped by prior failure to enforce the applicable ordinances.
The plaintiff has made the requisite showing of a likelihood of success in the merits of his claim that a lawful order of compliance has been disregarded.
Accordingly, it is ordered that the defendant be and hereby is required until further order of the court from performing any repairs outdoors, including repairs that take the form of removing and installing tires except repairs of an emergency nature.
HODGSON, JUDGE