[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR WRIT OF MANDAMUS
Plaintiffs, William and Edith Kennedy, request the court to issue a writ of mandamus directing the defendant, who is the Planning and Zoning Administrator of the Town of Stratford, to approve a plumbing permit for the installation of a toilet and sink in plaintiffs' pool house. The plaintiffs claim the administrator incorrectly interpreted the zoning regulations when he denied plaintiffs' request for a permit. The administrator, on the other hand, contends the issuance of a writ of mandamus would be inappropriate because plaintiffs have not exhausted their administrative remedies. He also contends he correctly interpreted the regulations. Because I have CT Page 4237 concluded that the zoning board should first review the administrator's decision, I have denied the application for a writ of mandamus.
The plaintiffs first applied to the zoning board for a variance under General Statutes 8-6 (3). Presumably, the application for a variance was based on the assumption the administrator properly interpreted the regulations and that a variance was necessary. The board denied the variance. The plaintiffs did not appeal the decision to the Superior Court. See General Statutes 8-8
The plaintiffs now contend the administrator incorrectly interpreted the regulations when he denied the permit. The plaintiffs could have appealed the administrator's decision denying the plumbing permit to the zoning board under General Statutes 8-6 (1). They did not do so. "The statutory procedure reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment." Greenwich v. Kristoff,180 Conn. 575, 578 (1980).
The plaintiffs argue that the board's denial of their request for a variance indicates an appeal to the board under8-6 (1) would be an inadequate and futile remedy. It is not fair to infer that the board's decision on the variance will make an appeal to the board under 8-6 (1) a futile effort. A request for a variance under 8-6 (3) presents different issues than an appeal of an official's ruling under 8-6 (1).
The plaintiffs have an adequate administrative remedy which they have not pursued. "It is well established that mandamus will issue only if the plaintiff can establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to performance of that duty; and, (3) that the plaintiff has no adequate remedy at law" Vartuli v. Sotire, 192 Conn. 353, 365 1984).
Since the plaintiffs have not met the third requirement, there is no need to examine the other requirements.
The application for a writ of mandamus is denied.
GEORGE N. THIM, JUDGE