[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the zoning enforcement officer of the Town of North Haven, seeks a preliminary injunction prohibiting the defendant, Michael Schoff, Inc., from continuing a building project on its property at 99 Scrub Oak Road until such time as a site plan is filed and approved.
In its amended complaint, the plaintiffs allege that the defendant is building structures on its property without having applied for or received approval pursuant to 3.27 of the zoning regulations of the Town of North Haven. CT Page 5589
At the request of the parties, the court visited the site and inspected the construction begun by the defendant.
The property at issue is located in a residential zone. It consists of a restaurant and banquet facility known as "La-Mirage" which the plaintiffs concede is a nonconforming use that preceded zoning regulations limiting the area to residential use. Since approximately 1946 the property has been used as a site or parties, wedding receptions and related activities.
Until the present construction activities began, the improvements on the site consisted of a large building, set back about two hundred feet from Scrub Oak Road. Over the years, the area between the building and the street has been, variously, a parking area and a lawn.
While patrons of the facility have on occasion used the lawn for wedding pictures, the existing facility has an enclosed area with a wrought iron gazebo, trellises and other decorations primarily used for that purpose.
Prior to September 1992, without filing a site plan, the defendant began to construct a large complex of gates, columns, staircases, fountains, and a stage-like structure in the area that was formerly a parking lot or lawn, for the purpose of providing elaborate settings for wedding pictures for patrons of "La-Mirage."
By a letter dated September 17, 1992, the plaintiff issued a cease and desist order to the defendant, which takes the position that no site plan is required pursuant to the zoning regulations.
The general standard for issuance of a temporary injunction is that the applicant must show 1) probable success on the merits of the claim; 2) that the harm to the movant from denial will exceed the harm to the defendant from issuance. Griffin Hospital v. Commission on Hospitals and Health Care, 196 Conn. 451, 457
(1985), citing Olcott v. Pendleton, 128 Conn. 292, 295 (1941). The court in Griffin Hospital, supra, at 458, also cited with approval Covenant Radio Corporation v. Ten Eighty Corporation,35 Conn. Sup. 1, 3 (1977), which enumerates as additional requirements for temporary injunctive relief 3) irreparable injury and 4) lack of an adequate remedy at law.
Where the applicant is an administrative officer charged CT Page 5590 with enforcement of a code enacted to protect the public and authorized by statute to seek injunctive relief in aid of enforcement, the officer is not required to prove irreparable harm or the unavailability of an adequate remedy at law before obtaining an injunction, rather all that must be shown is a violation of the regulatory provision. Farmington v. Viacom Broadcasting, Inc., 10 Conn. App. 191, 197 (1987), cert. denied,203 Conn. 808 (1987); Greenwich v. Kristoff, 2 Conn. App. 515,521, cert. denied, 194 Conn. 807 (1984).,
The plaintiffs assert that the building activities of the defendant violate two requirements of local zoning. The first claim is that the construction constitutes a development, redevelopment, expansion or relocation of the property or use pursuant to 3.27 of the regulations. The second claim is that the building activities constitute an expansion of a prior nonconforming use in violation of 10.1.3 of the regulations.
Section 3.27 of the North Haven zoning regulations provides that approval of a site plan by the Planning and Zoning Commission is required for
 a. the development or redevelopment of any property or structure for a new use,
 b. the expansion or relocation of any existing use, or
 c. any change of use of a property or structure.
The purpose of submission of a site plan is, pursuant to 3.27, to enable the zoning authorities to determine "the conformity of a proposed building or use with specific provisions of these Regulations."
Contrary to the defendant's assertion, the construction at issue comes within the definition of a "building" supplied by the zoning regulations. That definition provides that "[a]ny other structure more than 8 feet high shall be considered as a building, including a solid fence or wall, but excluding an electric transmission line, electric light, telephone or telegraph pole, highway or railroad bridge and flagpole." Several of the structures under construction at the defendant's CT Page 5591 site are over eight feet high, including the stage-like platform with stairs, retaining wall and column bases, and various trellises or archways. The gate and gateposts also meet the definition of "buildings" since the electric lights installed on the top do not convert the structure itself into "an electric light" within the exception to the definition.
The court finds that the development of the front garden area as a photography site constitutes a relocation of that existing use. Staged photography in man-made settings was previously located in an area immediately adjacent to the restaurant building. Since the defendant's construction constitutes the construction of "buildings" as defined in the zoning regulations as part of the relocation of an existing use of the property, site plan approval is required. While the defendant argues that he was previously granted permission to create a formal garden in the area at issue, the site plan he invokes was concerned only with the erection of a fence, and the incidental mention of a garden did not constitute approval of the present project.
The court does not find that the plaintiffs have further established their second ground for injunctive relief, expansion of a nonconforming use. On the present record, it appears that what is proposed is a greater volume and relocation on the site of an existing use, that is, posed outdoor photography, a use that was established by uncontroverted testimony to have taken place in connection with the banquet business since its inception. An expansion in the volume of an activity previously engaged in does not constitute an expansion of the use. DiBlasi v. Zoning Board of Appeals, 224 Conn. 823, 833 (1993); Hall v. Brazzale, 31 Conn. App. 342, 349 (1993).
Having found that the plaintiffs have established that the defendant is engaged in construction of "buildings" as defined by the applicable zoning regulation, and that the defendant is failing to comply with a valid cease and desist order, the court finds that preliminary injunctive relief is warranted.
It is therefore ORDERED that the defendant and those acting in concert with the defendant and its agents, servants and employees are hereby enjoined from engaging in building activities at 99 Scrub Oak Road in North Haven unless and until site plan approval is issued, or until further order of the court. CT Page 5592
Beverly J. Hodgson Judge of the Superior Court