[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action against the defendant seeking (1) a injunction to prevent the use of the defendants' property at CT Page 5674 600 Main Street, Monroe, CT., for a liquor store and (2) to prevent commencement of liquor sales at that site until both this action and an appeal from a decision of the Liquor Control Commission are decided by the Superior Court.
Defendants moved to dismiss this action of the ground of the plaintiffs' failure to exhaust administrative remedies.
The plaintiff filed his complaint on February 3, 1995. Subsequently, on March 27, 1995, the Defendant, Dean B. Parrott, had Timothy Ryan, the Zoning Enforcement Officer, execute a "Town of Monroe, Connecticut Permanent Certificate of Zoning Compliance" stating that a package store use at 600 Main Street conforms to the requirements of the Zoning Regulations of the Town of Monroe. Plaintiff has appealed that decision and a public hearing is scheduled before the Zoning Board of Appeals of the Town of Monroe on June 6, 1995.
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter.Connecticut Life Health Ins. Guaranty Assn. v. Jackson, 173 Conn. 352;O G Industries, Inc. v. Planning Zoning Commission,232 Conn. 419.
The exhaustion of administrative remedies "reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment." Greenwich v. Kristoff, 180 Conn. 575; O G Industries,Inc. v. Planning Zoning Commission, 232 Conn. 419.
It is imperative that this court have the benefit of a decision from the local Zoning Board of Appeals regarding the zoning regulations impact on property at 600 Main Street, Monroe.
Accordingly, the court concludes that this court lacks jurisdiction to hear this complaint and grants defendants, Bart Center, Inc. and Vernon Bartosik's motion to dismiss.
Dated at Bridgeport, Connecticut this 22nd day of May, 1995.
RICHARD J. TOBIN, JUDGE CT Page 5675