[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Maria Haussherr-Hughes, brings this action in her capacity as zoning enforcement officer of the Town of New Fairfield, seeking a temporary and permanent injunction ordering the defendants, Robert and Lorraine Redenz, to comply with the terms of a cease and desist order dated April 9, 1997.
The plaintiff also requests, in her claim for relief, penalties for noncompliance with the cease and desist order, pursuant to §8-12 of the Connecticut General Statutes. CT Page 534
The defendants are the owners of property located at 4 charcoal Ridge Road West in the Town of New Fairfield.
The April 9, 1997 cease and desist order, issued by then zoning enforcement officer, Mara Porwitzki, cited the presence of two commercial vehicles on the premises, stating that "the parking and storage of two commercial registered trucks exceeding one (1) ton capacity violates the Zoning Regulations." (Exhibit 2.)
The cease and desist order contained a notice of a right to appeal the order to the New Fairfield Zoning Board of Appeals pursuant to § 8-7 of the General Statutes.
Issuance of the cease and desist order by Ms. Porwitzki followed a review of the findings of the zoning enforcement officer conducted by the New Fairfield Zoning Commission, and complaints by neighbors concerning the use of 4 Charcoal Ridge Road West.
On April 24, 1997, the defendants, through their attorney, addressed a letter to the chairman of the New Fairfield Zoning Board of Appeals, and completed an application appealing the issuance of the cease and desist order.
A June 19, 1997 hearing was noticed.
At that June 19, 1997 meeting, the New Fairfield Zoning Board of Appeals declined to hear the appeal, claiming that the appeal was not filed in a timely fashion, as required by statute.
On February 24, 1998, following an appeal of the zoning board of appeals decision, the decision not to hear the appeal was sustained. (Docket No. CV97-0328495 S.)
The zoning enforcement officer of the Town of New Fairfield now seeks to enforce the terms of the cease and desist order through a mandatory injunction.
The defendants contend that the use of 4 Charcoal Ridge Road West constitutes a nonconforming use, and that the property has been utilized for the distribution of meat and poultry products since 1971.
Because they enjoy a valid nonconforming use, the defendants CT Page 535 contend they are permitted to use the property notwithstanding the cease and desist order.
They maintain that the zoning board of appeals decision was not a decision on the merits of the cease and desist order, and therefore the cease and desist order has failed to extinguish a valid nonconforming use of the property.
The plaintiff believes that the defendants are precluded from raising the issue of a preexisting nonconforming use in this proceeding, because the proper forum in which to have raised that issue was the New Fairfield Zoning Board of Appeals.
She argues that the defendants had an opportunity to raise the issue of the nonconforming use before the municipal land use agency, but failed to do so.
At trial, evidence was presented concerning the use of 4 Charcoal Ridge Road West, the parking of commercial vehicles at that address, and the size and weight of the vehicles.
Evidence was also received concerning the alleged nonconforming use of the property.
The parties were asked to submit post-trial briefs concerning the defendants' claim of the pre-existing nonconforming use, and the effect of the procedural denial of the right to be heard before the New Fairfield Zoning Board of Appeals, following the issuance of the cease and desist order.
 A NONCONFORMING USE IS A VESTED PROPERTY RIGHT
A nonconforming use is one that was in existence at the time the zoning regulation which made the use nonconforming was enacted. Cummings v. Tripp, 204 Conn. 67, 91 (1987). The use is one which existed lawfully, either through variance or otherwise, on the date of the adoption of the zoning regulation. PleasantView Farms Development, Inc. v. Zoning Board of Appeals,218 Conn. 265, 272 (1991).
Nonconforming uses have received special recognition and protection in Connecticut General Statutes § 8-2:
 Such regulations shall not prohibit the continuance of any nonconforming use, building or structure existing at the time CT Page 536 of the adoption of such regulations.
The protections afforded to a nonconforming use are binding and mandatory upon a municipal land use body, notwithstanding the provisions of the zoning regulations. D J Quarry Products, Inc.v. Planning Zoning Commission, 217 Conn. 447, 455 (1991).
Where a nonconformity exists, it is a vested right which adheres to the land itself. A lawfully established nonconforming use is entitled to constitutional protection. Petruzzi v. ZoningBoard of Appeals, 176 Conn. 479, 483 (1979).
The plaintiff, zoning enforcement officer, claims that the defendants cannot raise the defense of a valid nonconforming use in this proceeding, because the issue was conclusively determined when the defendants failed to successfully appeal from the issuance of the cease and desist order.
She claims that the issue is improperly raised, even by way of special defense, where the defendants assume the burden of proof.
The plaintiff argues that when a party has a statutory right of appeal from the decision of an administrative officer or agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test.Greenwich v. Kristoff, 180 Conn. 575, 578 (1980); Bianco v.Darien, 157 Conn. 548, 553-54 (1969); McNish v. American BrassCo., 139 Conn. 44, 53 (1952).
This rule, as cited by the plaintiff, effectively prevents forum shopping, and the ability to bypass a duly constituted municipal agency, in favor of a judicial forum.
The procedure reflects a legislative intent that issues of nonconformity be handled in the first instance by local administrative officials, both to provide persons with full and adequate administrative relief, and to give a reviewing court the benefit of the local board's judgment. Country Lands, Inc. v.Swinnerton, 152 Conn. 27, 33-34 (1963).
In Greenwich v. Kristoff, supra, the defendant consciously elected to bypass an administrative remedy which was available.
Here, Robert and Lorraine Redenz did attempt an appeal of the cease and desist order to the New Fairfield Zoning Board of CT Page 537 Appeals in a timely fashion.
The administrative agency determined not to hear the appeal based upon a procedural misstep.
It cannot be argued that the defendants bypassed the elected members of the zoning board of appeals, in an exercise in forum shopping, or as a ploy to obtain advantages not available in the administrative process.
The defendants procedural lapse allowed the cease and desist order to stand, without challenge.
That procedural lapse is not, however, sufficient to extinguish any valid nonconforming use which the defendants claim to enjoy at 4 Charcoal Ridge Road West.
Although this court heard ample evidence from which to determine the validity of the claimed nonconforming use, to decide that issue at this time would be premature, and would demonstrate a lack of respect for the municipal land use agency charged with making the initial determination.
For this court to determine the validity of the claimed nonconforming use, would be to sanction the judicial bypass of an administrative agency which was rejected as unsound in Greenwichv. Kristoff, supra.
While a failure to follow procedural requirements in the manner presented here would, in some instances, be sufficient to permit the injunctive relief sought by the plaintiff, where the defendants claim a vested right in land, an administrative hearing on the merits is mandatory, prior to those vested rights being forfeited or extinguished.
The proper venue for determining the validity of the claimed nonconforming use at 4 Charcoal Ridge Road West, is the New Fairfield Zoning Board of Appeals.
When hearing an appeal from the issuance of a cease and desist order, a zoning board of appeals acts in a quasi-judicial capacity. As such, it has the ability to interpret its regulations, and to determine whether they apply to a given situation. Toffolon v. Zoning Board of Appeals, 155 Conn. 558,560-61 (1967). The board is endowed with liberal discretion, and CT Page 538 the hearing consists of a de novo review of the decision of the zoning enforcement officer. Caserta v. Zoning Board of Appeals,226 Conn. 80, 90 (1993).
The action of the zoning board of appeals is subject to review by a court only to determine if it acted arbitrarily, illegally or unreasonably. Lawrence v. Zoning Board of Appeals,158 Conn. 509, 514 (1969).
The plaintiffs demand for injunctive relief and penalties is denied.
Judgment may enter in favor of the defendants, Robert and Lorraine Redenz, with direction to submit the issue of the validity of the claimed nonconforming use, along with other issues raised by the cease and desist order of April 9, 1997, to the New Fairfield Zoning Board of Appeals for hearing and determination.
Radcliffe, J.