[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #102
This is a motion to dismiss for lack of subject matter jurisdiction based upon the plaintiff's alleged failure to exhaust her administrative remedies. For the reasons set forth in this opinion the motion must be granted in part and denied in part.
The plaintiff owns property on Aspetuck Road in New Milford. The defendant, Crossbrook Developers, LLC ("Crossbrook") owns property which abuts the plaintiff's land. The New Milford Zoning Commission granted Crossbrook a special permit and site plan approval to permit it to excavate 130,343 cubic yards of earth material from its land in connection with its proposed construction an Active Adult Community Development on its land. The plaintiff appealed these approvals to this court which dismissed the appeals (DiPentima, J.) on July 3, 2002. On September 16, 2002 the defendant, Kathy Castagnetta, Zoning Enforcement Officer of the Town of New Milford ("the ZEO"), issued a zoning permit to Crossbrook to begin the excavation in accordance with the approved site plan. Crossbrook commenced, excavation on the same day. The plaintiff filed this action against Crossbrook and the ZEO alleging that the construction is proceeding in violation of Section 140-050 of the New Milford Zoning Regulations and in violation of the court's July 3, 2002 decision.
The plaintiff seeks relief in the form of 1) a temporary and permanent injunction compelling the defendants to comply with section 140-050(c), 2) a temporary and permanent injunction compelling the defendants to comply with the court's July 3, 2002 memorandum of decision, 3) a temporary and permanent injunction compelling the defendant Crossbrook to cease excavation until the required bond is issued, 4) revocation of the zoning permit, and 5) restoration of all excavated areas.
Crossbrook has filed a motion to dismiss this action on the ground that the court lacks subject matter jurisdiction by reason of the plaintiff's alleged failure to exhaust her administrative remedies. Counsel for the CT Page 16408 ZEO did not file a brief or participate in the argument. Counsel for the plaintiff filed a brief in opposition to the motion to dismiss and participated in the argument.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.)Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995). "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford,247 Conn. 407, 410-11, 722 A.2d 271 (1999). "The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised," Fink v. Golenbock, 238 Conn. 183, 199 n. 13, 680 A.2d 1243
(1996).
Crossbrook argues that the plaintiff failed to exhaust her administrative remedies by appealing the ZEO's issuance of the zoning permit to the New Milford Zoning Board of Appeals. "Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Citation omitted.) Drumm v. Brown, 245 Conn. 657, 676, 716 A.2d 50 (1998). The exhaustion doctrine "reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment." Greenwich v. Kristoff, 180 Conn. 575, 578, 430 A.2d 1294
(1980). It also "relieves courts of the burden of prematurely deciding questions that. entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review."Owner-Operators Independent Drivers Assn. of America v. State,209 Conn. 679, 692, 553 A.2d 1104 (1989).
The plaintiff first argues that she was not required to appeal to the Zoning Board of Appeals because to do so would be futile and inadequate. See, OG Industries, Inc. v. Planning Zoning Commission,232 Conn. 419, 429 (1995). This argument is without merit. If an appeal had been taken, there would have been an automatic stay of the zoning permit pursuant to Section 8-7 of the General Statutes. This would have removed Crossbrook's authority for continuing the excavation. Had Crossbrook continued excavating without a permit, the ZEO would have been CT Page 16409 entitled to an injunction for a blatant violation of the zoning regulations. Therefore, the appeal to the ZBA would have proceeded while the work was stopped. The appeal might have resulted in a reversal of the ZEO's zoning permit. "It is futile to seek a remedy only when such action could not result in a favorable decision and invariably would result in further judicial proceedings." Id. at 429.
Crossbrook also argues that this suit is an example of "private zoning enforcement" which is an exception to the doctrine of exhaustion of administrative remedies. The cases recognize an exception to the exhaustion doctrine that "[a]ny person specifically and materially damaged by a violation of the zoning ordinances which has occurred or is likely to occur on another's land may seek injunctive relief restraining such violation [without exhausting administrative remedies]." (Emphasis added; internal quotation marks omitted; citations omitted) Simko v.Ervin, 234 Conn. 498, 504 (1995). In the Simko case the Supreme Court refused to extend this exception to encompass violations of the terms of a variance. Id. at 505. The court pointed out that all of the cases in which it had applied this exception to the exhaustion requirement involved claims that a zoning regulation had been violated. Id. at 504-505.
The claims in the present case are a mixture of zoning enforcement and one claim which is of another variety. The first, second, third, fifth and sixth prayers for relief are directed at the defendant, Crossbrook, and fall within the broad category of zoning enforcement. The fourth prayer for relief is directed against the defendant, ZEO, and seeks "a revocation of zoning permit 427-02." This relief is not zoning enforcement. In order to claim this relief the plaintiff should have appealed to the ZBA from the granting of the zoning permit.
The motion to dismiss is, therefore, granted with respect to the fourth prayer for relief.
The motion to dismiss is denied with respect to the other prayers for relief.
___________________ John W. Pickard Judge of the Superior Court CT Page 16410