## TOWN OF HADDAM ET AL. *v.* NANCY L. LAPOINTE
### (14637)

O'Connell, Heiman and Spear, Js.

Argued April 24—officially released August 20, 1996

*William Howard*, with whom was *Eric T. Kaplan*, for the appellants (plaintiffs).

*John A. Reed*, with whom was *Wesley W. Horton*, for the appellee (defendant).

*Richard Blumenthal,* attorney general, and *Richard J. Lynch* and *Jane D. Comerford,* assistant attorneys general, filed a brief for the commissioner of public health as amicus curiae.

SPEAR, J. The plaintiffs[1] sought injunctive and other relief claiming that the defendant converted a summer cottage to a year-round residence without meeting the requirements of the public health code. Regs., Conn. State Agencies § 19-13-B100.[2] The trial court rendered judgment for the defendant and the plaintiffs appeal, asserting that the trial court improperly (1) required the plaintiffs to prove that the defendant's septic system violated the public health code even though the defendant failed to heed the plaintiffs' notice of the health code violation and failed to exhaust her administrative remedies with respect to that notice, (2) found that § 19-13-B100 of the Regulations of Connecticut State Agencies was unconstitutionally vague, and (3) found that "the [plaintiff town] is using the health code to enforce its determination that it wishes to limit winterization of seasonal homes without promulgating regulations and standards." We agree with the plaintiffs' first claim and reverse the judgment of the trial court.[3]

The record discloses the following relevant facts and procedural history. The defendant is the fee owner of property located at 78 West Shore Drive in the town of Haddam. She purchased the property on December 18, 1990, by warranty deed. On March 24, 1992, the plaintiff

---

[1] The town of Haddam and John Korab, the town's director of health, are the plaintiffs in this action.

[2] Regs., Conn. State Agencies § 19-13-B100 provides in pertinent part: "If public sewers are not available, no building shall be converted so as to enable its use year round nor shall its use be changed unless after the said conversion or use change the lot satisfies all the current requirements of the Public Health Code for the installation of subsurface sewage disposal facilities except for the one hundred percent reserve area."

[3] Our resolution of the plaintiffs' first claim renders the resolution of the remaining claims unnecessary.

director of health sent the defendant a notice of violation[4] stating that she was in violation of § 19-13-B100 of the public health code.[5] The notice clearly stated that a person aggrieved by the director of health may appeal the order by telephoning the office of the commissioner of health services (now the commissioner of public health and addiction services) within forty-eight hours, but the telephone call must be followed by a letter of appeal within seven days pursuant to § 19-2a-34 of the Regulations of Connecticut State Agencies.[6] The defendant indicated her intent to appeal the order by

---

[4] The notice stated: "Your are hereby notified of the existence of a Public Health law violation upon the premises owned by you or under your charge, located at 78 West Shore Drive, Map 72A-1 Lot 88, in the town of Haddam, and as described as follows:

"The existing structure on the above property has been modified in such a manner which enables it to be used year round without meeting the Public Health Code of the State of Connecticut. Haddam Town Office Building records indicate the structure status as less than year round use.

"LAW

"VIOLATIONS: Public Health Code Regulation Section 19-13-B100 Building Conversion.

"AUTHORITY: Connecticut General Statutes Sections 19a-206; 19a-207.

"PENALTY: Connecticut General Statutes Sections 19a-36; 19a-206; 19-104; 19a-230.

"APPEAL: Connecticut General Statutes Section(s) 19a-229 - 'Any person aggrieved by an order issued by a town, city, or borough Director of Health may, within forty-eight hours after the making of such order, appeal to the Commissioner of Health Services [now commisioner of public health and addiction services], who shall thereupon immediately notify the authority from whose order the appeal was taken, and examine the merits of such case, and may vacate, modify or affirm such order.' (NOTE: The appeal to the Commissioner must be delivered by hand or by mail to the office of the Commissioner within the forty-eight hours or a telephone call must be made to the office of the Commissioner within the forty-eight hours with notification of the intent to appeal, followed up by a letter of appeal).

"It is hereby ordered that the said violation be removed, abated or otherwise corrected on or before the 10th day of April 1992."

The notice was signed by John H. Korab, director of health for the town of Haddam.

[5] See footnote 2.

[6] Regs., Conn. State Agencies § 19-2a-34 provides: "(a) Any person aggrieved by an order issued by a local director of health may appeal said order to the commissioner.

telephoning the commissioner within the forty-eight hour period, but failed to file a letter of appeal within seven days. Consequently, her administrative appeal was dismissed on April 14, 1992.

The plaintiffs thereafter commenced an action in Superior Court seeking, inter alia, temporary and permanent injunctive relief requiring the defendant to cease and desist from using the subsurface sewage disposal system on a year-round basis. After conducting an evidentiary hearing, the trial court denied the plaintiffs' request for a permanent injunction. This appeal followed.

The plaintiffs first contend that the trial court improperly required the plaintiffs to prove a violation of the public health code even though the defendant had failed to exhaust her administrative remedies. We agree.

A director of health has the authority to examine and cause to be abated nuisances and sources of filth injurious to the public health pursuant to General Statutes § 19a-206.[7] If a party chooses to challenge an order

"(b) The notice of the appeal must be received by the commissioner within forty-eight (48) hours of the date of issuance of the order. If the forty-eight (48) hour period expires on a day which is not a normal business day of the department, the period of appeal shall be extended through the close of business of the first regular business day following.

"(c) Notice of appeal shall state: (1) the name of the person claiming to be aggrieved; (2) the name of the issuing authority; (3) the nature of the claimed aggrievement; (4) the order being appealed; and (5) the grounds for appeal.

"(d) Telephonic communication of a notice of appeal to the office of the commissioner shall be satisfactory as an initial notice of appeal provided written confirmation from the person claiming to be aggrieved is received by the department within seven days of the oral notice.

"(e) The hearing on the appeal shall be a de novo proceeding conducted in accordance with rules of practice of the department.

"(f) Any order issued by a local director of health shall include notice of the right to appeal and shall have the rules of practice attached."

[7] General Statutes § 19a-206 provides in pertinent part: "(a) Town, city and borough directors of health or their authorized agents shall, within their respective jurisdictions, examine all nuisances and sources of filth injurious

issued by the director of health, the party must appeal to the commissioner of public health and addiction services pursuant to § 19a-2a-34 of the state regulations.[8] A party aggrieved by the agency's decision may then appeal to the Superior Court. The judicial review of an administrative agency's actions is governed by General Statutes § 4-183,[9] the Uniform Administrative

to the public health, cause such nuisances to be abated and cause to be removed all filth which in their judgment may endanger the health of the inhabitants. Any owner or occupant of any property who maintains such property, whether real or personal, or any part thereof, in a manner which violates the provisions of the public health code enacted pursuant to the authority of sections 19a-36 and 19a-37 shall be deemed to be maintaining a nuisance or source of filth injurious to the public health. Any local director of health or his authorized agent or a sanitarian authorized by such director may enter all places within his jurisdiction where there is just cause to suspect any nuisance or source of filth exists, and abate or cause to be abated such nuisance and remove or cause to be removed such filth.

"(b) When any such nuisance or source of filth is found on private property, such director of health shall order the owner or occupant of such property, or both, to remove or abate the same within such time as the director directs. If such order is not complied with, within the time fixed by such director: (1) Such director, or any official of such town, city or borough authorized to institute actions on behalf of such town, city or borough, may institute and maintain a civil action for injunctive relief in any court of competent jurisdiction to require the abatement of such nuisance, the removal of such filth and the restraining and prohibiting of acts which caused such nuisance or filth, and such court shall have power to grant such injunctive relief upon notice and hearing; (2) the owner or occupant of such property, or both, shall be subject to a civil penalty of two hundred fifty dollars per day for each day such nuisance is maintained or such filth allowed to remain after the time fixed by the director in his order has expired, except that the owner or occupant of such property or any part thereof on which a public eating place is conducted shall not be subject to the provisions of this subdivision, but shall be subject to the provisions of subdivision (3). Such civil penalty may be collected in a civil proceeding by the director of health or any official of such town, city or borough authorized to institute civil actions and shall be payable to the treasurer of such city, town or borough, and (3) the owner or occupant of such property, or both, shall be subject to the provisions of sections 19a-36, 19a-220 and 19a-230. . . ."

[8] See footnote 6.

[9] General Statutes § 4-183 (a) provides: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this

Procedures Act. Where a party appeals an agency's decision, a reviewing court may grant relief only where the decision is "arbitrary, illegal or not reasonably supported by the evidence." (Internal quotation marks omitted.) *Red Hill Coalition, Inc.* v. *Conservation Commission*, 212 Conn. 710, 718, 563 A.2d 1339 (1989). A showing that another decision maker might have reached a different conclusion is not sufficient to satisfy this burden. *Newtown* v. *Keeney*, 234 Conn. 312, 319, 661 A.2d 589 (1995). If an order to remove or abate is not complied with, § 19a-206 (b) provides that the director of health "may institute and maintain a civil action for injunctive relief in any court of competent jurisdiction . . . and such court shall have the power to grant such relief upon notice and hearing . . . ."

It is well established that a party must exhaust all administrative remedies before that party may ask a court to rule on the very issues that the administrative process was meant to test. *Pet* v. *Dept. of Health Services*, 207 Conn. 346, 351–52, 542 A.2d 672 (1988); see also *Greater Bridgeport Transit District* v. *Local Union 1336*, 211 Conn. 436, 438, 559 A.2d 1113 (1989). The exhaustion doctrine "reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment." *Greenwich* v. *Kristoff*, 180 Conn. 575, 578, 430 A.2d 1294 (1980). It also "relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." *Owner-Operators Independent Drivers Assn. of America* v. *State*, 209 Conn. 679, 692, 553 A.2d 1104 (1989). " '[F]requent and deliberate flouting of

section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal."

administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.' " *Cannata* v. *Dept. of Environmental Protection*, 215 Conn. 616, 625, 577 A.2d 1017 (1990), quoting *McKart* v. *United States*, 395 U.S. 185, 194–95, 89 S. Ct. 1657, 23 L. Ed. 2d 194 (1969).

It would violate the exhaustion doctrine and its policy underpinnings to allow a defendant who has failed to exhaust administrative remedies to defeat an agency's injunction action on issues that could have been contested in the administrative process. We conclude that the plaintiffs were not required to prove a violation of the public health code.

Proof of a regulatory violation is not required if "the defendant has chosen not to attack the reasonableness of the order . . . [and] factfinding has been entrusted by the legislature to the administrative agency and an injunction is sought to enforce an administrative order in furtherance of a vital public interest." *Carothers* v. *Connecticut Building Wrecking Co.*, 19 Conn. App. 216, 222, 561 A.2d 971 (1989), citing *Water Resources Commission* v. *Connecticut Sand & Stone Corp.*, 170 Conn. 27, 364 A.2d 208 (1975). In *Water Resources Commission*, the plaintiff water resources commission found that the defendant was polluting state waters and issued orders to abate. The defendant did not obey the orders and did not pursue an administrative appeal. The plaintiff then applied for a permanent injunction and the defendant, by way of special defense, pleaded that it was not polluting state waters. At trial, the court precluded the defendant from introducing evidence in support of its special defense. Our Supreme Court affirmed the judgment of the trial court and held that "[t]o allow the defendant to present at the hearing on the application for an injunction evidence in support of its special defenses would be contrary to the obvious intent of the General Assembly as expressed in the statute providing

for judicial review after administrative fact finding and would render the administrative process meaningless." *Water Resources Commission* v. *Connecticut Sand & Stone Corp.*, supra, 32.

Although this case was not brought pursuant to the environmental protection statutes, the *Water Resources Commission* rationale is applicable to this case. A defendant who circumvents the administrative appeal process should not be permitted to force the agency to prove in Superior Court those matters that the administrative process is designed to handle. To allow the defendant to do so would mean that a person who ignores the available administrative remedies could have the Superior Court act as an administrative fact finder in the first instance, whereas a person who exhausts the administrative remedies, to no avail, would be entitled in the Superior Court to only a deferential record review of the agency's actions.

We are not persuaded that the trial court was required to issue an injunction on a showing that the defendant failed to exhaust her administrative remedies. The issuance of a mandatory injunction on a showing of an unheeded and unappealed order is reserved for " 'the exceptional case.' " *Water Resources Commission* v. *Connecticut Sand & Stone Corp.*, supra, 170 Conn. 33. Because the record before us does not present such exceptional circumstances, the trial court remains vested with broad discretion. Such retention of discretion is supported by the reasoning of similar cases.

For example, where a party seeks an injunction to enjoin the violation of a zoning law, a trial court is not required to issue an injunction even where the plaintiff successfully proves a violation. Rather, our Supreme Court has held that "[t]he grant of jurisdiction to ensure compliance with a statute hardly suggests an absolute duty to do so under any and all circumstances, and a

[trial judge] . . . is not mechanically obligated to grant an injunction for every violation of law."(Internal quotation marks omitted.) *Conservation Commission* v. *Price,* 193 Conn. 414, 430, 479 A.2d 187 (1984); see also *Gelinas* v. *West Hartford,* 225 Conn 575, 626 A.2d 259 (1993). "[T]he granting of injunctive relief . . . must be compatible with the equities of the case [and] rests within the trial court's sound discretion." *Johnson* v. *Murzyn,* 1 Conn. App. 176, 183, 469 A.2d 1227, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984). "Those equities should take into account the gravity and willfulness of the violation, as well as the potential harm . . . ." Id. Failure to exhaust administrative remedies is one factor the trial court may consider in balancing the equities. Id. On remand, the trial court should balance the equities in determining whether to grant the requested injunctive relief.

The defendant asserts that the circumstances of this case fall within an exception to the exhaustion doctrine because she challenged § 19-13-B100 of the public health code as being unconstitutionally vague. We disagree.

While there are recognized exceptions to the exhaustion doctrine, "we have recognized such exceptions only infrequently and only for narrowly defined purposes." *LaCroix* v. *Board of Education,* 199 Conn. 70, 79, 505 A.2d 1233 (1986). One such exception "involves a challenge to the constitutionality of the statute or regulation under which an agency operates, rather than to the actions of the board or agency." *Payne* v. *Fairfield Hills Hospital,* 215 Conn. 675, 680, 578 A.2d 1025 (1990). "[T]he mere allegation of a constitutional violation will not necessarily excuse a [party's] failure to exhaust available administrative remedies . . . ." Id.

Section 4-176 (a) of the General Statutes provides that "[a]ny person may petition an agency . . . for a

declaratory ruling as to the validity of any regulation . . . ." The exhaustion doctrine requires that "[a] challenge to a regulation . . . should begin with a petition to the agency itself." *Commission on Hospitals & Health Care* v. *Stamford Hospital*, 208 Conn. 663, 672, 546 A.2d 257 (1988). In this case, the defendant could have filed a petition for a declaratory ruling pursuant to § 4-176 with the department of public health and addiction services, claiming that § 19-13-B100 was unconstitutionally vague. Because the defendant could have appealed any adverse declaratory ruling to the Superior Court pursuant to § 4-183, she was required to seek such a ruling before seeking redress in court. *Polymer Resources, Ltd.* v. *Keeney*, 227 Conn. 545, 558, 630 A.2d 1304 (1993).

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.