[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The issue before the court is whether to grant the defendants' motion to strike count two of the complaint for failure to allege that the Director of Health of the City of Danbury received a report of lead poisoning or otherwise determined that a child under the age of six had an abnormal body burden of lead as required by the Code of Ordinances of the City of Danbury § 10-4 (5)(c).
This action is brought by the Director of Health of the City of Danbury (Director) against the defendants, Robert and Barbara Maisonpierre, to enforce orders issued by the Director for abatement of alleged violations of the Housing Maintenance and Occupancy Code of the City of Danbury (Danbury Housing Code). In a two-count amended complaint, dated March 5, 1997, the Director alleges that the defendants, owners of the premises located at 114-116 Elm Street in Danbury, Connecticut (the property), wilfully refused and/or failed to comply with orders to correct violations of provisions of the Danbury Housing Code and to test defective and intact paint and other surface coverings for lead content.
In count two, the Director alleges that on September 10, 1996, during an inspection of the property, inspectors of the Danbury Health and Housing Department (Department) observed CT Page 5971 defective, chipped and peeling paint in the exterior area of the property and confirmed the presence of a child under the age of six in the dwelling. On September 13, 1996, in accordance with Danbury Housing Code §§ 10-4 (5)(a), (b) and (d), the Director issued an order of abatement (the order) ordering the defendants to test all defective and intact paint, glazes and other surface coverings at the exterior areas and interior of the second floor apartment for lead content on or before October 18, 1996. A copy of the order is attached to the complaint as exhibit B. The defendants did not appeal the order as permitted by General Statutes § 19a-229. The Director alleges finally that, as of the date of the amended complaint, the Department had not received any test results or lead abatement plan indicating that the defendants tested the defective and intact surfaces as ordered.
The defendants now move to strike the second count of the complaint on the ground that it fails to allege that the Director either received a report of lead poisoning or otherwise determined that a child under the age of six had an abnormal body burden of lead as required by Danbury Housing Code § 10-4 (5) (c). The defendants argue that the ordinance authorizes the Director to order testing for lead paint only when he receives a report of lead poisoning or otherwise determines that a child under the age of six had an abnormal body burden of lead. In opposition to the defendants' motion, the Director argues that: (1) the allegations in count two comport with the pleading requirements of General Statutes § 19a-206 (b), which authorizes the Director to bring an injunctive action against a property owner if an order of abatement is not complied with within the time fixed by the Director; (2) neither General Statutes §§19a-206 or 47a-58 require the Director to plead the underlying factual circumstances which constituted the basis of the Director's order; (3) the defendants' interpretation of Danbury Housing Code § 10-4 (5)(c) is illogical and in contravention with the purpose of the local ordinance and state lead poisoning prevention and control regulations; (4) the order issued by the Director does not cite to or rely upon Danbury Housing Code §10-4 (5)(c); and (5) because the defendants failed to appeal the order under General Statutes § 19a-229, they are estopped from challenging the order or this action as factually or legally insufficient.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to CT Page 5972 state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). The motion to strike admits all facts well-pleaded. RK Constructors,Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." NovametrixMedical Systems v. BOC Group, Inc., supra, 215.
In count two of the amended complaint, the Director alleges that he issued an order of abatement in accordance with Danbury Housing Code § 10-4 (5)(a), (b) and (d) and that the defendants failed to comply with the order. The attached order cites violations of § 10-4 (5)(a), (b) and (d). Since the complaint and the attached order do not cite to or rely upon § 10-4 (5)(c), the Director need not plead any facts under that section. Instead, the complaint and the underlying order rely on Danbury Housing Code § 10-4 (5)(a), (b) and (d), which allow the Director to order testing of paint for lead content. See Danbury Housing Code § 10-4 (5)(a), (b) and (d).[1]
Moreover, count two alleges facts sufficient to maintain an enforcement action pursuant to General Statutes § 19a-206. General Statutes § 19a-206 provides that when any owner of a private property maintains such property in a manner which violates the provisions of the Public Health Code, the local director of health "shall order the owner . . . to remove or abate [such conditions] within such time as the director directs. If such order is not complied with, within the time as fixed by such director: (1) Such director . . . may institute and maintain a civil action for injunctive relief . . . to require" compliance with the order. General Statutes § 19a-206 (a) and (b).[2]
Therefore, the Director has pleaded the required elements to maintain this action under § 19a-206 (b), that the Director issued an order for abatement, and that such order was not complied with within the time fixed by him. Section § 19a-206
(b) does not require the Director to plead or prove facts concerning the underlying health and housing code violations upon which the original order was based, especially in a case such as this one where the defendants failed to challenge the validity of the order through the administrative appeals process. See Town ofHaddam v. LaPointe, 42 Conn. App. 631, 634-38, 680 A.2d 1010
(1996). CT Page 5973
As the Director has alleged the necessary elements to maintain this injunctive action pursuant to General Statutes § 19a-206 (b), the motion to strike count two of the amended complaint is denied.
Grogins, J.