[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 131
On October 16, 1995, the City of New London (hereinafter the "plaintiff"), filed an amended verified complaint against Thomas Barscz (hereinafter the "defendant"), seeking a temporary injunction, permanent injunction, and an award of attorney's fees, costs and penalties. On November 6, 1995, this court granted the plaintiff's application for a temporary injunction enjoining the defendant to reduce the height of a wall/fence on his property, and to pay reasonable attorney's fees and $2,500.00 in civil penalties. The defendant failed to comply with that order, and the plaintiff now seeks a permanent injunction ordering the defendant to reduce the height of his wall/fence so as to comply with applicable zoning regulations, and an award of attorney's fees, costs and civil penalties.
The parties tried the case before this court and filed post-trial briefs on November 6, 1998. The court makes the following findings of fact:
Upon approval of the defendant's plans submitted to Edward Hammond, the Zoning Enforcement Officer for the plaintiff (hereinafter the "ZEO"), on June 25, 1992, the plaintiff granted the defendant permission to install a retaining wall along his property located at 77-79 Colman Street, New London. The defendant's plans required a poured-concrete retaining wall varying in height from an above grade amount of one-half foot to a maximum height of three and one-half feet. Subsequent to the issuance of the retaining wall permit, on March 18, 1993, the defendant sought permission to erect a fence along fifty feet of the north side of his property. Upon the ZEO's approval of the defendant's plans indicating a fence/wall combination four to six feet in height, and set back from the property line at least one foot, the plaintiff issued the permit.
Uncontradicted testimony and evidence indicates that, in fact, the defendant's wall/fence is within one foot of the property line, and its height exceeds four feet from the height of the grade at the defendant's property line. On September 3, 1993, the ZEO issued a Cease and Desist Order to the defendant, ordering him to stop all construction of the wall and/or fence. In its Order, the ZEO cited the defendant as having violated the approved plans and § 617 of the New London zoning regulations (hereinafter the "zoning regulations").[1] The ZEO notified the defendant of the possible penalties for his continued violation, CT Page 132 and of the procedures for taking an appeal to the Zoning Board of Appeals. On September 14, 1993, the ZEO notified the defendant of the inadequacy of his plan, and advised the defendant that the Cease and Desist Order remains in effect.
On November 9, 1993, the ZEO issued its second Cease and Desist Order indicating the defendant's failure to comply with the first Order. The ZEO again advised the defendant of his noncompliance with § 617 of the zoning regulations, and ordered the removal of "all portions of the wall . . . above four feet as measured from the grade at the property line." (Plaintiff's Exh. 11). In addition, the ZEO noted the possible penalties, and provided specific directions on appeal procedures.
The ZEO issued a final Compliance Order dated June 21, 1994, in which he ordered the defendant to take remedial action in order to comply with the zoning regulations. The remedial action required the defendant to: 1) reduce the height of the wall along the north property line to four feet, or removing the wall completely; and 2) completely remove the wall along the east property line.
The court finds that the plaintiff complied with the notice requirements of General Statutes § 8-12, as well as §§ 900 and 990 of the zoning regulations. The defendant has not complied with any of the Cease and Desist Orders nor the Compliance Order. Although the defendant asserts that he appealed those orders with the State of Connecticut Codes and Standards Committee, there is no evidence that the defendant properly sought appellate review by the Zoning Board of Appeals.
The plaintiff submits that this court should grant a permanent injunction and award fees, costs and penalties on two grounds: 1) the defendant failed to exhaust his administrative remedies and therefore cannot legally challenge the validity of the plaintiff's order; and 2) there is evidence of a clear violation of the zoning regulations.
At trial the defendant argued that: 1) the structure built on his property is a "retaining wall and guardrail" and is therefore regulated by the BOCA National Building Code (as adopted by the State of Connecticut, hereinafter the "state building code") and not the zoning regulations; 2) in order for the defendant to comply with the zoning regulations, he would be forced to simultaneously violate the state building code; 3) the defendant CT Page 133 is in full compliance with the state building code; 4) when the zoning regulations and state building code conflict, in this case, the state building code controls; and 5) the ZEO in this case had no jurisdiction over the structure which is the subject of this litigation.
"A municipality has the right to have its orders enforced by an injunction merely by establishing a violation of its regulations; enactment of the regulation presumes injury if it is not obeyed." Planning Zoning Commission v. Rider, Superior Court, judicial district of New London, Docket No. 525279 (May 7, 1993, Hurley, J.), aff'd, 38 Conn. App. 901, 659 A.2d 1233
(1995). See also North Haven Planning Zoning Commission v.Upjohn Co., 753 F. Sup. 423, 428 (D. Conn. 1990), aff'd,921 F.2d 27, cert. denied, 500 U.S. 918, 111 S.Ct. 2016, 114 L.Ed.2d 102;Conservation Commission v. Price, 193 Conn. 414, 429,479 A.2d 187 (1984); "In seeking an injunction pursuant to § 8-12, the town is relieved of the normal burden of proving irreparable harm and the lack of an adequate remedy at law because § 8-12 by implication assumes that no adequate alternative remedy exists and that the injury was irreparable. . . . The town need only prove that the statutes or ordinances were violated." (Internal quotation marks omitted.) Bauer v. Waste Management ofConnecticut, Inc., 239 Conn. 515, 532-33, 686 A.2d 481 (1996);Gelinas v. West Hartford, 225 Conn. 575, 588, 626 A.2d 259
(1993). However, "[t]he granting of injunctive relief . . . must be compatible with the equities of the case [and] rests within the trial court's sound discretion. . . . Those equities should take into account the gravity and willfulness of the violation, as well as the potential harm." (Citations omitted; internal quotation marks omitted.) Haddam v. LaPointe, 42 Conn. App. 631,639, 680 A.2d 1010 (1996).
Here, the defendant is clearly in violation of § 617 of the zoning regulations. Specifically, the fence portion above the retaining wall exceeds four feet in height measured from the grade of the defendant's property line. Also, the wall/fence is within one foot of the property line.
While the defendant attempts to attack the validity and enforceability of the plaintiff's order by demonstrating his "compliance" with the state building code, this court is faced with a very simple and clear violation of § 617 of the zoning regulations. Moreover, as a general principle, "a landowner cannot challenge the validity of an order of a municipal official CT Page 134 in an injunction hearing in which enforcement of that order is the relief sought if the landowner has failed to exhaust his administrative remedies." Bach v. LeClair, Superior Court, judicial district of Tolland at Rockville, Docket No. 56835 (September 16, 1997, Zarella, J.), citing Town of Greenwich v.Kristoff, 2 Conn. App. 515, 521, 481 A.2d 77, cert. denied,194 Conn. 807, 483 A.2d 275 (1984); Johnson v. Murzyn,1 Conn. App. 176, 180, 469 A.2d 1227, cert. denied, 192 Conn. 802,471 A.2d 244 (1984).
It is undisputed that the defendant did not appeal the ZEO's orders to the Zoning Board of Appeals. Pursuant to §§ 8-6 and8-7 of the General Statutes and § 1000 of the zoning regulations, the defendant had the right to appeal the ZEO's orders to the Zoning Board of Appeals. See Town of Greenwich v.Kristoff, 180 Conn. 575, 578, 430 A.2d 1294 (1980). Uncontradicted evidence also indicates that the plaintiff informed the defendant of his right to appeal and of the proper appellate procedures for doing so.
Thus, the court finds that defendant did not exhaust his administrative remedies, and the court is precluded from entertaining his legal arguments attacking the validity of the ZEO's or the plaintiff's orders. Furthermore, the defendant's argument that the ZEO lacked "jurisdiction" over this matter is without merit. See General Statutes § 8-3(e), 8-12
(allowing zoning regulations to designate a zoning enforcement officer with responsibility for ensuring compliance with zoning regulations); T. Tondro, Connecticut Land Use Regulation (2d Ed. 1992) p. 514 ("The zoning enforcement officer is empowered to issue written orders to cease carrying on activities prohibited by the regulations").
Based on the evidence before this court, the court finds that there is a wilful and clear violation of the zoning regulations.[2]
Pursuant to General Statutes § 8-12, "[a]ny person who, having been served with an order to discontinue any such violation, fails to comply with such order within ten days after such service . . . or continues to violate . . . such order shall be subject to a civil penalty not to exceed two thousand five hundred dollars. . . . If the court renders judgment for such municipality and finds that the violation was wilful, the court shall allow such municipality its costs, together with reasonable attorney's fees to be taxed by the court." See also Gelinas v.West Hartford, supra, 225 Conn. 582 n. 8; Planning ZoningCT Page 135Commission v. Desrosier, 15 Conn. App. 550, 560, 545 A.2d 597
(1988) ("wilful misconduct is a question of fact").
The court will, therefore, make the following orders:
1. A mandatory injunction ordering the defendant to reduce the height of the wall/fence on his property to a maximum of four feet measured from the grade on the defendant's property line;
2. The defendant pay $4,122.00 in attorney's fees and $322.20 in costs to the plaintiff, which are based on this court's prior rulings of November 6, 1995 [$2,622.00 attorney's fees and $322.20 costs], and November 12, 1996 [$1,500:00 attorney's fees]. The court also orders the defendant to pay additional attorney's fees and costs expended by plaintiff from November 12, 1996 until and including the time of filing its post-trial brief as specified in an affidavit and bill of costs to be submitted to this court.
3. A civil penalty in the amount of $2,500 payable to the treasurer of the City of New London.
D. Michael Hurley, Judge Trial Referee