[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal brought to the Superior Court from a declaratory ruling by the State of Connecticut, Department of Public Health, issued on February 18, 1998. That ruling found that § 19-13-B100 of the Public Health Code is not invalid as applied to the circumstances of the plaintiffs case. This court finds in favor of the defendant, Department of Public Health for reasons that follow.
The plaintiff, Nancy Kiniry, is, and was at all pertinent times, the owner of real property located at 78 West Shore Drive in the Town of Haddam, County of Middlesex, State of Connecticut. The property is located in the Hidden Lake neighborhood, but is not waterfront property. The plaintiff purchased the property in December, 1990, from Mrs. Mary French for a purchase price of $20,000. Mrs. French and her husband had purchased the property in 1967 from Albert Recor, who had occupied the property on a full time year round basis. The Frenchs used the property as a second home retreat on weekends and vacation periods during the year. The plaintiff moved into the house shortly after the closing in December, 1990, and began making renovations.
On March 24, 1992, the plaintiff was issued a notice of violation by the Health Director, Town of Haddam, informing her that the existing structure on her property had been modified to allow for its year round use in violation of the Public Health Code, § 19-13-B100. Section 19-13-B1OO provided, in pertinent partl:
(a) If public sewers are not available, no building shall be converted so as to enable its use year round nor shall its use be changed unless after the said conversion or use change the lot satisfies all the CT Page 6021 current requirements of the Public Health Code for the installation of subsurface sewage disposal facilities except for the one hundred percent reserve area.[1]
The plaintiff's appeal of the Haddam health director's notice of violation to the Commissioner of the Department of Public Health, State of Connecticut, was dismissed as untimely.
Subsequently, the health director sought injunctive relief against the plaintiff in Superior Court. The injunction request was denied by the Superior Court, however that decision was appealed and reversed by the Appellate Court. Haddam v. LaPointe,42 Conn. App. 631 (1996). While reversing the trial court because the plaintiff had failed to exhaust her administrative remedies, the Appellate Court declined to address the plaintiffs claim that § 19-13-B100 was unconstitutionally vague since she had not petitioned the Department of Public Health for a declaratory ruling on this issue. Id., 640.
After the health director denied a request to reconsider the order, the plaintiff appealed the health director's denial to the Department of Public Health ("DPH") on March 13, 1997. On the same date, the plaintiff petitioned DPH for a declaratory ruling on the constitutionality of Public Health Code § 19-13-B100. On June 18, 1997, a joint hearing on the appeal and on the declaratory ruling petition was conducted. Proposed decisions were issued on November 12, 1997, and subsequent to oral argument, final decisions on the appeal and declaratory ruling were issued on February 18, 1998.
This administrative appeal is from the DPH determination that § 19-13-B100 of the Public Health Code is valid as applied to the facts of the plaintiffs case. The issue presented is whether § 19-13-B100 of the Public Health Code is unconstitutionally vague. This same issue is presented as one of the issues in the plaintiffs administrative appeal from the February 18, 1998 DPH decision affirming the Haddam health director's refusal to reconsider his 1992 order. Issues and claims not briefed are deemed abandoned. Commissioner ofEnvironmental Protection v. Connecticut Bldg. Wrecking Co.,227 Conn. 175, 181 n. 4 (1993); Cheshire Mortgage Service. Inc. v.Montes, 223 Conn. 80, 83 n. 4 (1994).
As properly pointed out by the plaintiff, an administrative CT Page 6022 regulation is presumed valid. Slimp v. Department of LiquorControl, 239 Conn. 599, 607 n. 18 (1996). Where an agency has been delegated the authority to prescribe rules and regulations, those rules and regulations must set forth primary standards and lay down an intelligent principle to which that agency must conform. State v. Stoddardr, 126 Conn. 623, 628 (1940). A regulation, like a statute, must contain fixed standards and cannot be too general in its terms. Ghent v. Planning Commission,219 Conn. 511, 517 (1991). The Connecticut legislature has properly delegated authority solely to the Commissioner of Public Health to establish a public health code. State v. Vachon,140 Conn. 478, 483 (1953). When interpreting a meaning of a regulation, it should be construed, if it reasonably can be done, so as to make it valid. Citerella v. United Illuminating Co.,158 Conn. 600, 608 (1969). The burden of proving that an administrative regulation is unconstitutionally vague rests with the plaintiff. Barberino Realty Development Corp. v. Planning Zoning Commission, 222 Conn. 607, 620 (1992). In addition, the plaintiff must show that the regulation complained of is impermissibly vague as applied to the facts of the particular case. Bombero v. Planning Zoning Commission, 218 Conn. 737, 743
(1991). In the present case, the plaintiff has not met these burdens.
The DPH final decision concluded that the Haddam director of health reasonably found that the property had not been used as a year round residence since 1967. The plaintiff, a realtor, who was the exclusive listing agent for the property, had described the building as a "summer cottage" with a "space heater" as its only source of heat in the Multiple Listing Sheet. (Return of Record ("ROR"), Vol. 2, Exh. 5, p. 397, Pl. Exh. 44.) The property was purchased by the plaintiff in 1990 for $20,000. The prior owner, Mrs. French, described the property as an un-insulated 600 square foot structure, with no basement and supported by cement blocks. There was no hot water heater, no water tank, no insulation on the water pipes from the well, and no insulation on the bare wood walls. There was no shower, a small kitchenette, and the only source of heat was a propane space heater. (ROR, Vol. 2, Exh. 4, pp. 305-319).
The prior occupant of the property, Darin Wilson, determined that due to a lack of amenities, including insufficient insulation, source of heat and hot water, and the lack of a kitchen, he could not live in the cottage in that condition on a year round basis. Wilson sought the advice of a Haddam building CT Page 6023 official in order to explore the possibility of converting the cottage to accommodate year round use. (ROR, Vol. 2, pp. 111-112.) Based on his review of the town records and his conversations regarding the cottage with Wilson, the building official, Robert Rothstein, made the initial determination that the cottage was not equipped for year round use in the Spring of 1990. Although Wilson had a lease with an option to buy agreement, he opted not to purchase the property since it was unsuitable for winter use and moved out in July, 1990. (ROR, Vol 2, pp. 114-117; 120.)
Thereafter, on February 9, 1992, Mr. Rothstein received a complaint from the president of the Hidden Lake Association Board of Governors, concerning an unpermitted conversion to year round use of the property. (ROR, Vol. 2, pp. 383-84.) The complainant expressed concern for the Town and also the Hidden Lake Association and the health of "our relatively crowded area". The complainant expressed concern that the property had been found unsuitable for conversion to year round use by virtue of a soil test which showed the property to be unable to support a septic system, and accordingly, asked Mr. Rothstein to conduct an investigation. Inspections of the property revealed the presence of a heating system much larger than the space heater described at the date of purchase, as well as a 100 gallon propane tank. The plaintiff told representatives of the gas company that she intended to live in the property in the winter and needed a much larger heater because the other one was inadequate. (ROR, Vol. 2, pp. 133-137.) Although the furnace was manufactured on April 15, 1991, when asked if this was a new heating system that had been installed in the structure, the plaintiff said "no" and stated that this was the heating system that had been in the structure since, her purchase of it. (ROR, Vol. 2, p. 39.) In addition, inspections revealed that the screened porch had been enclosed, the well piping had been redirected and insulated, and an indoor water tank and hot water heater installed. The kitchen and bathroom had also been renovated. (ROR, Vol. 2, pp. 383-385; 38-42.)
Prior to her purchase of the property, the plaintiff had been told by Mr. Rothstein that doing these renovations or additions would be a conversion from seasonal to year round use under the Public Health Code and that Health Department approval would be required. (ROR, Vol. 2, pp. 48-51; 385.) The DPH decision concluded that the evidence had established that there were reasonable grounds to find that the plaintiff converted the CT Page 6024 subject property to a year round dwelling in violation of § 19-13-B100, and that the Haddam director of health acted appropriately in so concluding. The DPH further concluded that:
 After consideration of the principles of statutory interpretation, a common sense reading of § 19-13-B100, prior applications of this regulation by the agency and the facts of this case, it is reasonable to conclude that the provision is valid as applied in this matter.
(ROR, Vol. 1, p. 27.) This Court agrees with the conclusions of DPH.
In arguing that the plaintiff did not convert the property from seasonal to year round use in violation of the Public Health Code, the plaintiff relies, in part, on the decisions of Judge John Walsh and Judge Daniel Spallone denying injunctive relief to the Town of Haddam. Judge Spallone's decision was appealed by the Town of Haddam and reversed by the Connecticut Appellate Court.Haddam v. LaPointe, 42 Conn. App. 631 (1996). The Appellate Court held that the trial court had erred by acting as a fact finder and requiring the Town to prove a violation of the Public Health Code, but did not address the plaintiffs claim that § 19-13-B100 was unconstitutionally vague. Id., 640. Judge Walsh's decision was on the Town's Motion for Temporary Injunction. The purpose of a temporary injunction is to consider preserving the status quo until the matter can be decided after a full hearing on the merits. Thus, the opinions upon which the plaintiff relies here which sought injunctive relief are not supportive of the plaintiffs position.
The intent of § 19-13-B100 is to prevent the use of seasonal properties throughout the year, unless the property meets current septic system requirements. Clearly, the purpose is to protect the public from the harm inherent in the failure of a septic system. In the present case, there is no question that the property does not meet the minimum standards for the installation of a subsurface sewage septic system. Statutes directed at preserving and protecting the public health are to be construed liberally to effectuate their purpose. State v. Vachon, supra,140 Conn. 482. "Where the legislature uses a broad term . . . in an administrative context, without attempting to define that term, it evinces a legislative judgment that the agency should define the parameters of that term on a case-by-case basis."CosCT Page 6025Cob Volunteer Fire Co. #1 v. FOIC, 212 Conn. 100, 106 (1989). The foregoing applies to regulations which have the force and effect of law. Phelps Dodge Copper Products Co. v. Groppo,204 Conn. 122, 134 (1988). Validly enacted regulations of an administrative agency carry the force of statutory law. Griffin Hospital v.Commission on Hospitals and Health Care, 200 Conn. 489, 497
(1986). Where a statute or regulation does not define a term, it is appropriate to focus upon its common understanding as expressed in the law and upon its dictionary meaning. Zipersteinv. Tax Commissioner, 178 Conn. 493, 500 (1979).
Thus, to prevail on the claim of vagueness, the plaintiff must establish that a person of ordinary intelligence would not be able to know whether the conduct is permitted or prohibited under the statute. "The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." (Internal quotation marks omitted.) Connecticut Building Wrecking Co. v.Carothers, 218 Conn. 580, 591 (1991).
The critical language of § 19-13-B100 of the Public Health Code states that "no building shall be converted so as to enable its use year round" unless all the current requirements of the Public Health Code for the installation of subsurface sewage disposal facilities are met. "Convert" means "to change something from one use, function, or purpose to another." The AmericanHeritage College Dictionary (3rd Edition, 1993), p. 304. "Enable" means "to make feasible or possible". Id., p. 452. "Year round" means "existing, active, or continuous throughout the year". Id., p. 1562. These dictionary definitions of these common terms satisfy the requirement that a regulation must provide a person of ordinary intelligence a reasonable opportunity to know what is prohibited or permitted. A property owner is only required to be able to determine if the dwelling can or cannot be used on a continuous basis throughout the year. Clearly, the language of § 19-13-B100 is not so general as to exceed common understanding.
To convert under § 19-13-B100 then, involves changing the function of a building from seasonal use to use throughout the entire year, e.g., winter time. The plaintiff has not shown that this regulation is impermissibly vague as applied to the facts of this case. See Barberino Realty Development Corp. v.Planning Zoning Commission, supra, 222 Conn. 620. The renovations to the building as outlined above were extensive. No CT Page 6026 building permits or approval for the heating system were obtained. The extensive changes and upgrades in the heating system, insulation, water system with redirected insulated well piping, enclosure of a screened in porch and renovations to the kitchen and bathroom, all support the Haddam building official's conclusion that the building had been converted to year round occupancy. (ROR, Vol. 2, p. 42.) Common sense dictates that the property which the plaintiff had listed as a "summer cottage" now could be occupied on a year round basis. Accordingly, the standards set forth in the regulation are sufficient to withstand the plaintiffs void for vagueness challenge when applied to the facts of this case.
The plaintiff's arguments that all conventional and routine inspections and examinations prior to her purchase of the property failed to reveal a limitation as to year round use or a potential violation of the Public Health Code simply do not support a finding that the regulation is vague. There is no requirement under the statutes that a municipality give notice to the general public that a property is restricted by the Public Health Code. Nor do prior memoranda from the DPH support a finding of vagueness. Memoranda from DPH employees do not constitute legally binding determinations as to the constitutionality of regulations. Here, the plaintiff never sought clarification from DPH or from the Town of Haddam through a declaratory ruling or any other means, prior to initiating the extensive renovations outlined above to convert a summer cottage into a year round residence. As argued by DPH in this appeal, the determination that a property has been converted to year round use necessarily is a question of fact. See Cummings v. Tripp,204 Conn. 67, 83-84 (1987). That determination is supported by substantial evidence in the record. The fact that DPH issued guidelines in 1988 and 1989 to local health directors to assist with the application of § 19-13-B100 does not indicate that the regulation was so vague as to be unconstitutional. It is appropriate for this court to give deference to an agency's interpretation of its own regulations. Starr v. Commissioner ofEnvironmental Protection, 226 Conn. 358, 376 (1993).
In conclusion, this court finds that the determination of the DPH that § 19-13-B1OO of the Public Health Code is not unconstitutionally vague, was correct. The DPH correctly ruled that § 19-13-B100 is not invalid as applied to the circumstances of the plaintiffs case. Accordingly, the plaintiffs administrative appeal from the declaratory ruling of the DPH is CT Page 6027 dismissed.
Michael Hartmere, Judge