[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs Washington Inlands Wetlands and Conservation Commission ("commission") and Patrick Kearney, wetlands enforcement officer, brought this action for a temporary and permanent injunction, civil penalties, costs and attorney's fees against the defendant Carole Matteo. The defendant filed an answer and special defenses to the complaint. The court held a hearing on February 24, March 31, and April 1, 1999. The parties submitted trial memorandum on April 16, 1999.
The commission is the agency authorized under General Statutes § 22a-42 to carry out the statutory provisions for the regulation of wetlands and watercourses. The defendant owns property in the town of Washington that abuts Lake Waramaug. The commission claims that the defendant has conducted regulated activities on or near Lake Waramaug, a regulated watercourse, without first seeking and obtaining the necessary permits in violation of General Statutes § 22a-42a(c). It further claims that the defendant violated and continues to violate a cease and desist order issued on April 2, 1998[1] pursuant to General Statutes § 22a-44. The defendant claims that her conduct was approved by the commission or was excused because the cease and desist order was invalid.
Based upon the credible and reliable testimony and exhibits, the court finds the following facts. On October 8, 1997, the commission's enforcement officer, Janet Hill, issued a notice of violation to the defendant for constructing a stone landing and clearing the hillside along her shoreline without a permit. On October 21, 1997 the commission received an application from the defendant requesting a permit "to improve slope to lake by installing retaining wall and repair landing." Pl.'s Ex.2.[2]
The application indicated that the activity would involve construction. At the November 12, 1997 commission meeting, the commission noted that work was reported to be on-going on the defendant's property. At a hearing before the commission on January 14, 1998, the defendant stated that she was in the process of adding on to the existing landing. After the defendant requested an extension of time for action on her application, on February 24, 1998, she submitted a project description prepared CT Page 5644 by a licensed engineer. Ex. 19. At its February 25, 1998 meeting, the commission denied the defendant's application for a permit. On March 9, 1998, the commission sent the following notice to the defendant by certified mail, return receipt requested stating the reason for the denial:
 At its meeting on February 25, 1998, the Washington Land Wetlands And Conservation Commission DENIED your above-referenced, in part after-the fact, application for a permit 1) to construct a 12' x 29' stone landing Lake Waramaug, 2) to construct a 25' long extension to the existing retaining wall, and 3) to remortar loose stones in the existing landing at 176 West Shore Road. The denial was based on the deposition of rocks into the lake were activity 1) to be allowed.
A copy of the pertinent Legal Notice is enclosed.
 The Commission requests that you submit a new application for proposed activities 2) and 3) should you wish to pursue them and a plan for removal of the rocks that were already deposited in the lake.
On April 2, 1998, the commission issued the cease and desist order that is the subject of this action. In that order, the commission ordered the defendant to
 immediately cease and desist all work including the deposition of any and all fill and/or boulders and stones to construct a landing in Lake Waramaug and the deposition of stones on the lake shore. You are further ordered to take measures to restore the wetlands on your property by removal of the new stone landing and to restore your shoreline by the replanting of the hillside.
Ex. 23 A.
A hearing was scheduled for April 8, 1998, to provide the defendant the opportunity to show why the order should not remain in effect. The defendant requested a continuance of the April 8, 1998 hearing which was denied. At that hearing the commission expressed a concern with what the defendant had deposited in the lake and the fact that it has been an issue since October 1997. The commission sent a notice to the defendant on April 13, 1998, advising her that the hearing was held as scheduled, that the CT Page 5645 order remained in effect and that she was further ordered to submit a detailed plan of restoration for the lake bank and shore to its original prework condition.
On May 6, 1998, the defendant submitted a restoration plan which was submitted "for the restoration of the Lake bank and shore after denial of permit." Pl.'s Ex. 32. That plan, which was approved by the commission on May 13, 1998, proposed in part:
 (1) Stones shall be removed by land and utilized to construct a retaining wall and repair existing landing. This of course is contingent on the approval of an application to repair existing landing and construct said retaining wall. If stones require complete removal from area, a crane will be operated from parking area. The new stone landing to be removed varies from approximately 6 feet to 9 feet in width along the entire length (approximately 26 feet) of the existing landing. Since this is a natural bank, measurements vary as the shoreline undulates.
The defendant applied for a permit on May 7, 1998 to repair existing landing and construct a retaining wall. Pl's Ex. 33. On July 2, 1998, the commission requested that the defendant provide an engineered, scaled drawing or plan to support the application. On July 8, 1998, the commission denied this application for a permit without prejudice because the information submitted was unclear and there was no response to the July 2, 1998 request. Pl's Ex. 38.
In September and October, 1998, the defendant completed the new landing and constructed a wall at the base of the cleared slope. The evidence, and in particular the photographs, videotape and the defendant's statements at the commission hearings is persuasive on this point. The defendant's position that she simply repaired the existing landing and removed all of the rocks that had been deposited is not supported by the credible evidence.
Under General Statutes § 22a-42a(c), "no regulated activity shall be conducted upon any inland wetland or watercourse without a permit." Section 5.1 of the town of Washington Inland Wetlands and Watercourses regulations sets forth a similar provision. It is undisputed that the activity of the defendant regarding the slope along the shore of Lake Waramaug, the construction of a stone landing and the deposition CT Page 5646 of rocks in the lake are such regulated activities. The court finds that the defendant conducted this activity without the required permit and did not comply with the cease and desist order. The court further finds that the defendant did not comply with the approved restoration plan. As noted above, the defendant completed the new landing and did not remove the rocks from the lake as ordered by the commission and promised in the restoration plan.
The commission issued its cease and desist order pursuant to General Statutes § 22a-44(a). No appeal was prosecuted from that order. While the defendant argues that the cease and desist order is not valid, she did not pursue an appeal from its issuance. The court will not now consider the merits of what should have been addressed in such an appeal. See Haddam v.LaPointe, 42 Conn. App. 631, 636 (1996); see also Cannata v.Department of Environmental Protection, 215 Conn. 616, 625
(1990)("Notions of administrative autonomy require that the agency be given a chance to discover and correct its own errors. . . . It is possible that frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."). The record does not show any extraordinary reason why the defendant should be excused from following the procedures for review. She had notice of the order and the underlying issues, and she had the opportunity to appear at the show cause hearing.
Under General Statutes § 22a-44(b), the court has the jurisdiction to restrain a continuing violation of the statutory provisions regulating inland wetlands and watercourses, to issue orders directing that the violation be corrected or removed and to assess civil penalties. The defendant argues that the commission has failed to show the irreparable harm required for the issuance of an injunction. Since a statutory injunction is at issue no such harm is required to be shown. ConservationCommission v. Price, 193 Conn. 414, 429 (1984).
Based on the foregoing, the commission has established its entitlement to the relief sought under the statute. The court finds that the defendant has violated the pertinent regulations of the commission and has failed to comply with the cease and desist order issued by the commission on April 2, 1998. Accordingly, the court directs the commission's counsel to prepare the appropriate injunctive order within fourteen days of CT Page 5647 notice of this decision, including an order to correct or remove the new stone landing.
The court assesses a fine in the amount of $20.00 per day from April 8, 1998 to the date of this judgment. The court retains jurisdiction to consider future fines accruing to the completion of remediation and will consider this after the submission of the injunctive order by the commission. A hearing will be held on the issue of an award of reasonable attorney's fees, to be scheduled within three weeks of the date of this judgment.
Judgment may enter in favor of the plaintiffs in accordance with the foregoing plus costs.
DiPentima, J.