[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on plaintiff's Motion to Strike the Defendant's Six Special Defenses.
The plaintiff, Marilyn Ozols, is the Zoning Enforcement Officer for the Town of Old Lyme. On April 5, 1999, she filed an amended complaint against the defendant, Barbara Yezierski, seeking an injunction to enforce the town's zoning regulations as to a deck constructed on the defendant's property.
The defendant filed an answer and six special defenses to the amended complaint on June 7, 1999. On July 12, 1999 the plaintiff CT Page 11530 filed a motion to strike the defendant's six special defenses. The defendant filed a memorandum in opposition to the motion on July 21, 1999. This court heard oral argument at short calendar on August 9, 1999.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors. Inc. v. Fusco Corp. ,231 Conn. 381, 384, 650 A.2d 153 (1994). "[A] plaintiff can [move to strike] a special defense." Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1978); see also Connecticut National Bank v. Voog,233 Conn. 352, 354-55, 659 A.2d 172 (1995); Girard v. Weiss,43 Conn. App. 397, 41 7, 682 A.2d 1078, cert. denied, 239 Conn. 946
(1996). "In ruling on the . . . motion to strike, the trial court [must] take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
As grounds for her motion, the plaintiff states: (1) that each of the six special defenses are legally insufficient; and (2) as a matter of law, the defendant is precluded from raising these special defenses because she failed to exhaust available administrative remedies.
The six special defenses are as follows:
"1. The plaintiff has not set forth facts or otherwise met all the jurisdictional requirements necessary in order for the Court to grant any injunctive relief.
2. The defendant, in good faith, believes that she is not in violation of any zoning regulations and that the zoning regulation permits the activity complained of.
3. The condition about which the plaintiff complains preexisted the adoption of zoning regulations and therefore are "grandfathered' conditions.
4. The plaintiff has interpreted and applied the zoning regulations in such a narrow and unreasonable manner as to deprive the defendant of her constitutional rights of due process and equal protection under both the federal and state constitution. CT Page 11531
5. The defendant was not given adequate notice that her property was in violation or of the subsequent action of the Zoning Enforcement Officer.
6. The plaintiff is equitably estopped from enforcement of this action because of numerous similar conditions throughout the Town of Old Lyme and because the plaintiff can show no harm to the town."
The plaintiff argues that because it is undisputed that the defendant was issued a cease and desist order, and failed to avail herself of administrative appellate remedies, she is barred from attacking the validity or constitutionality of the plaintiff's zoning enforcement decision in this action for an injunction. The defendant characterizes her special defenses as factors affecting the "equities of the case" and, therefore, her special defenses should not be stricken.
A defendant who elects to await the town's institution of an commencement action instead of proceeding through the administrative appeal process is not entitled to have its special defenses considered since those defenses would have been the proper subject for administrative determination. Greenwich v.Kristoff, 180 Conn. 575, 578, 430 A.2d 1294 (1980); see also NewLondon v. Barscz, Superior Court, judicial district of New London at New London, Docket No. 532281 (January 13, 1999, Hurley, J.T.R.) (defendant precluded from attacking validity of CEO's orders when failed to exhaust administrative remedies); Bach v.LeClair, Superior Court, judicial district of Tolland at Rockville, Docket No. 056835 (September 16, 1997, Zarella, J.) (due to failure to exhaust administrative remedies defendant cannot raise substantive defenses in town's injunction action);Brown v. Bunning, Superior Court, judicial district of Windham at Putnam, Docket No. 054982 (January 30, 1997, Sferrazza, J.) (defendant's forgoing of available administrative appeal prevents later contesting validity of order). "It is well established that a party must exhaust all administrative remedies before that party may ask a court to rule on the very issues that the administrative process was meant to test." Haddam v. LaPointe,42 Conn. App. 631, 636, 680 A.2d 1010 (1996). "It would violate the exhaustion doctrine and its policy underpinnings to allow a defendant who has failed to exhaust administrative remedies to defeat an agency's injunction action on issues that could have been contested in the administrative process." Id., 637. "A CT Page 11532 defendant who circumvents the administrative appeal process should not be permitted to force the agency to prove in Superior Court those matters that the administrative process is designed to handle." Id., 638.
The court finds that all six of the defendant's special defenses attack the substance or validity of the plaintiff's zoning enforcement decision, which is now being enforced through this injunction action. Although the defendant is correct in asserting that she is entitled to have the court consider the "equities of the case," see Haddam v. LaPointe, supra,42 Conn. App. 639, her six special defenses concern the procedural, substantive and constitutional validity of the relevant zoning enforcement decision. Contrary to the defendant's assertion, the "equities of the case" concern "the gravity and willfulness of the violation, as well as the potential harm," Id., 639, not the underlying validity of the zoning enforcement decision. The allegations which comprise the defendant's special defenses are generally best suited for administrative determination at the municipal level. It would defeat the entire scheme and purpose of our zoning statutes "[t]o allow the defendant . . . [to ignore] the available administrative remedies . . . [and] have the Superior Court act as an administrative fact finder in the first instance." Id., 638.
Because the parties do not dispute that the defendant did not pursue all of her available administrative remedies, as a matter of law, the defendant's special defenses are legally insufficient. Accordingly, the motion to strike (#112) is granted.
Mihalakos, J. CT Page 11533